In re the **MARRIAGE OF Carol MOWRER,** Appellant,

and

**Michael Mowrer,** Appellee.

**No. 90CA0463.**

Colorado Court of Appeals, Div. I.

Aug. 15, 1991.

Robert L. Lowrey, Colorado Springs, for appellant.

Frank A. Natchez, P.C., Frank A. Natchez, Colorado Springs, for appellee.

Opinion by Judge RULAND.

Carol Mowrer (mother) appeals the trial court's order declining to accept jurisdiction over her motion to modify child support. We affirm.

In 1987, mother and Michael Mowrer (father) obtained a divorce decree in Arkansas. At that time, mother was domiciled in Colorado, and father was domiciled in Arkansas. However, mother signed a waiver of service and entry of appearance, and she also approved the decree by signing it. The court awarded custody of the minor child to mother, ordered father to pay $210 per month into the registry of the court for child support, and granted father reasonable visitation, including two weeks each summer.

In August 1987, mother filed a petition in the Colorado trial court pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA), § 14-13-101, et seq., C.R.S. (1987 Repl.Vol. 6B), requesting that the court assume jurisdiction over the issue of custody and visitation for the minor child of the parties. Mother registered an exemplified copy of the Arkansas decree with the court.

Subsequent to the service of the petition, father obtained counsel and filed a response challenging the jurisdiction of the Colorado court to act. However, the parties ultimately entered into stipulations resolving the contested issues. A stipulation was then filed in the Colorado court which incorporated by reference a stipulation filed in the Arkansas court. The later stipulation addressed primarily visitation, but also provided that child support would continue as ordered by the Arkansas court. Both stipulations provided that the Colorado court would have jurisdiction to enforce the terms of the stipulation, and the Colorado court entered an order approving the stipulations.

In November 1989, mother filed a motion in the Colorado court seeking an increase in child support. Father objected, contending that the court did not have jurisdiction and that a petition for contempt concerning visitation was pending in the Arkansas court.

During the pendency of mother's motion, the Arkansas court ruled on father's petition. The court's order stated that, to the exclusion of the Colorado court, "it had jurisdiction over the parties and their minor child for all purposes." The court invited the Colorado court to telephone and further discuss the case. From the record, we are unable to determine whether mother appealed the Arkansas order.

After holding a hearing and discussing the case with the Arkansas court, the Colorado court declined to accept jurisdiction.

I

Mother first contends that the trial court erred in refusing, under the UCCJA, to continue to accept jurisdiction over the parties' minor child. Mother argues that, if, as here, a proceeding under this Act addresses support as well as custody and visitation, the support issues must be deemed to be included for purposes of future proceedings. We disagree.

As noted by the trial court, the provisions of the Act relate to visitation and custody of children only. The issue here is solely modification of child support. And, contrary to mother's contention, we do not view the stipulation provision regarding visitation and child support as bringing the issue of support within the scope of the UCCJA.

II

Next, mother argues that the trial court erred in refusing to exercise jurisdiction to modify child support since the Arkansas

decree and subsequent modifications had been registered in accordance with § 14–11–101, C.R.S. (1987 Repl.Vol. 6B). We disagree.

■ Section 14–11–101(2), C.R.S. (1987 Repl.Vol. 6B) provides that, upon the docketing of exemplified copies of all appropriate papers, the courts of this state in domestic actions:

> "[h]ave the power to enforce decrees, judgments, and orders of other states or jurisdictions made pursuant to statutes similar to this statute, or to amend the same, or to enter new orders to the same extent and in the same manner as though such decrees, judgments, and orders were entered in the courts of this state."

This statute permits the modification of decrees of other states to the extent that such modifications do not offend the full faith and credit clause, *see In re Marriage of Glickman v. Mesigh*, 200 Colo. 320, 615 P.2d 23 (1980), and if the Colorado court has *in personam* jurisdiction over the litigants. *See In re Marriage of Ness*, 759 P.2d 844 (Colo.App.1988).

■ These modifications include an order increasing the amount of child support to be paid under an out-of-state divorce decree if there is evidence of changed circumstances and if that decree was modifiable in the issuing state. *See In re Marriage of Glickman v. Mesigh, supra.* Arkansas law provides that child support orders are modifiable. *See Reiter v. Reiter*, 225 Ark. 157, 278 S.W.2d 644 (1955); *see also* Ark.Stat.Ann. § 9–12–312(a)(2) (1991 Repl.Vol. 6).

Here, however, the trial court, in effect, applied a concept similar to the "priority of jurisdiction" rule. *See Wiltgen v. Berg*, 164 Colo. 139, 435 P.2d 378 (1967). Thus, the court determined that it was more appropriate for the Arkansas court to exercise jurisdiction, "not only over the issues of child custody and visitation, but also over this issue of child support [because] it is not in the interest of judicial economy to 'split' consideration of the issues of child custody and visitation on one hand and child support on the other." However, the court went on to state that it may exercise jurisdiction in the future.

We conclude that various factors support this conclusion. This court has held that a trial court, in a dissolution of marriage proceeding, did not abuse its discretion in concluding that under the UCCJA, Colorado was an inconvenient forum to decide a child custody issue. *See In re Marriage of Tatum*, 653 P.2d 74 (Colo.App.1982); *see also* § 14–13–108, C.R.S. (1987 Repl.Vol. 6B). A similar result has been reached in a dependency and neglect proceeding. *See People in Interest of S.B.*, 742 P.2d 935 (Colo.App.1987).

Conversely, we also note that under the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), the choice of law that controls is the law of the state of the obligor. *See* 9B Uniform Laws Annot., Matrimonial, Family & Health Laws 423 (1987); *see also* § 14–5–108, C.R.S. (1987 Repl.Vol. 6B). And, while testimony may be taken in the obligee's state, all issues in such a proceeding must be resolved in the obligor's state. *See* 1 H. Clark, *The Law of Domestic Relations* § 7–6 (2d ed. 1987).

Thus, the UCCJA, RURESA, and the Colorado Children's Code permit other jurisdictions to resolve issues concerning children living in Colorado. While these statutes are not applicable in this proceeding, we conclude that the public policy expressed by these enactments lends guidance to application of the priority of jurisdiction concept here.

■ We therefore hold that if, as here, there is a proceeding pending in an out-of-state court that has not been shown to lack jurisdiction, a Colorado court has discretion to decline to address an issue that could easily and efficiently be addressed by the out-of-state court.

■ Evidence relating to the father's ability to support the child is obviously predominantly available in Arkansas, and there is no basis for us to conclude that the mother will be unable to demonstrate the financial needs of the child in that forum. Conversely, by accommodating the court which first exercised jurisdiction and en-

tered the initial support order, duplicitous proceedings in both forums are avoided. Duplicative proceedings could result in inefficient application of judicial resources and would expose the parties to the possibility of inconsistent rulings.

In reaching this conclusion, we have disregarded all purported facts set forth in the father's brief which do not appear in the record and which, therefore, were improperly included in his brief. *See* C.A.R. 28(a)(3); *In re Marriage of Murray*, 790 P.2d 868 (Colo.App.1989).

The order is affirmed.

PIERCE and DUBOFSKY, JJ., concur.