**In re the Matter of C.G.G., a minor child,**

**and concerning Christine Gillberg, Appellant, and K. Gunnar Gillberg, Respondent–Appellee.**

No. 96CA1306.

Colorado Court of Appeals, Div. IV.

Oct. 2, 1997.

Canges, Iwashko & Bethke, P.C., E. Michael Canges, James S. Bailey, Denver, for Appellant.

Otto, Porterfield & Post, L.L.C., Wendell B. Porterfield, Jr., Vail, for Respondent–Appellee.

Opinion by Judge MARQUEZ.

Christine Gillberg (wife) appeals from the trial court judgment denying and dismissing her petition for child support. We reverse and remand with directions.

Both K. Gunnar Gillberg (husband) and wife were born in Sweden and now reside in Eagle county. They were married in 1985 and since that time have lived in various parts of the United States. One child was born of the marriage and he has lived in both Connecticut and Colorado.

Although the parties are now, and have been, residents of Colorado, they initiated an action for dissolution of their marriage in Sweden. They entered into an agreement concerning child custody and support in July 1992 before the filing of that action, and ratified it after the action was filed. A decree of dissolution was entered by the Swedish court in June 1993. A second agreement concerning the same matters was executed in August 1993.

Under the July 1992 agreement, the parties agreed that they would share joint legal custody of the child and that husband would pay $3000 per month "as child support on behalf of the child" during his minority. Husband also agreed to pay all tuition and room and board costs incurred by the child during any period that he is living separate and apart from the wife while attending school.

The July 1992 agreement provided that Sweden would have exclusive jurisdiction over "any and all questions relating to their marriage, the termination of their marriage, and the division of his or her respective wealth all pursuant to the laws of [that] country." That agreement also stated that "any suit, proceeding or action at law or in equity ... arising out of or relating to this Agreement shall be submitted to a court of competent jurisdiction in the country of Sweden." Each party irrevocably submitted to such jurisdiction and, correspondingly, waived any objection or defense of inconvenient forum.

The August 1993 agreement resolved questions pertaining to distribution of certain personal property under the July 1992 agreement. The parties also confirmed and ratified the July 1992 agreement, acknowledged that it had been complied with except for the items to be performed under the second agreement, and acknowledged that the prior agreement remained unmodified and in full force and effect. That agreement repeated essentially verbatim the choice of law and forum provisions that were included in the July 1992 agreement.

In July 1994, wife filed the petition for child support at issue here. She alleged that husband had failed to make some payments and had improperly withheld amounts from other payments. She requested that the trial court "establish as its order and enforce the valid child support agreement" of the parties. Husband filed an action in Sweden to determine the validity of the agreements. The trial court initially entered a stay pending the outcome of issues that were being pursued in Sweden.

After the completion of those proceedings in which the Swedish court determined the agreements were valid, wife filed a motion to vacate the stay, requesting that the foreign decree entered in Sweden be docketed under § 14–11–101, C.R.S.1997. She reasserted that husband was not paying her the entire $3000 in child support that he was obligated to pay, but was paying her $1000 per month and depositing the balance, less a number of deductions, in an account which he claims is for the child's benefit.

Husband responded and argued: (1) that wife's motion was deficient because it did not include exemplified copies of all the foreign pleadings and orders as required by statute; (2) that exclusive jurisdiction existed in Sweden; and (3) that wife had waived the child support issue by failing to raise it in the foreign proceedings. The record shows that husband acknowledged that he generally was paying wife $1000 in support, deducting some of the expenses he incurred on behalf of the child from the remaining $2000, and depositing the balance in an investment account.

The trial court ultimately conducted a two-day evidentiary hearing and adopted the transcript of its ruling as the final order. The court found that the parties were in Sweden in December 1994 and that, although each had an equal and ample opportunity to address the child support issue at that time, neither did so. The court also found that the child was not in "any immediate danger or starving to death or lacking the basic necessities of life" and that an emergency situation did not exist. Finally, the court commented that the "real problem is that the [wife] is not being allowed to expend the other $2000 a month in any manner in which she thinks is appropriate."

Accordingly, the trial court concluded that Sweden was the proper jurisdiction to resolve all matters between the parties, and dismissed wife's petition for child support on the basis that Colorado lacked jurisdiction.

## I.

Because the order of dismissal disposed of the action and in effect prevented further proceedings by wife, we conclude that it is a final order for purposes of appeal. *See Wilbourn v. Hagan,* 716 P.2d 485 (Colo.App.1986).

## II.

■ Wife asserts that the trial court erred in refusing to accept jurisdiction under § 14–11–101, C.R.S.1997. We conclude that remand is required for resolution of this issue.

Section 14–11–101(1), C.R.S.1997, provides that:

Upon the docketing in ... this state of *exemplified* copies of all the written pleadings and court orders, judgments, and decrees ... for support of minor children ... *entered in any court of competent jurisdiction in any other state or jurisdiction having reciprocal provisions for a like enforcement of orders, judgments, or decrees entered in the state of Colorado* and upon obtaining jurisdiction by personal service of process ... said court in this state shall have jurisdiction over the subject matter and of the person in like manner as if the original suit or action had

been commenced in this state .... (emphasis added)

Section 14–11–101 clearly gives Colorado courts subject matter jurisdiction over foreign judgments for the support of minor children. *In re Marriage of Glickman v. Mesigh,* 200 Colo. 320, 615 P.2d 23 (1980). It also evidences a legislative intent that a foreign support order, docketed pursuant to the Act, be treated as if it were a Colorado support order for all purposes and in a manner consistent with the constitutional requirements of full faith and credit. *In re Marriage of Lyon,* 764 P.2d 384 (Colo.App. 1988); *see also In re Marriage of McCabe,* 819 P.2d 1116 (Colo.App.1991).

■ Even if jurisdiction attaches under § 14–11–101, if there is a proceeding pending in a foreign court, the trial court has discretion to decline to determine an issue that could easily and efficiently be addressed by a foreign court. *In re Marriage of Mowrer,* 817 P.2d 612 (Colo.App.1991) (father domiciled in state issuing divorce decree).

Here, it was undisputed that husband commenced the action that resulted in the December 1994 declaratory judgment issued by the Swedish court. In that order, the Swedish court determined only that the two agreements reached by the parties were valid. Neither party asked the Swedish court to interpret the child support provision of the first agreement or, specifically, to resolve the dispute whether the payment of support on behalf of the child should, or was intended to, be made totally or only partially to the wife.

Wife asserted that the documents, which had been certified by the Swedish Embassy as "being true photocopies of the complete documentation in the judgment certified by the Stockholm City Court" and were filed on the first day of hearing, constituted exemplified copies of all judgments, orders, and decrees of the Swedish court. While husband did not agree that the documents filed by wife were complete and adequate, neither party disputed the authenticity of the documents.

The trial court did not make any written findings on this preliminary issue. Instead, the trial court concluded ultimately that it

could, or should, only exercise emergency jurisdiction because the Swedish courts had jurisdiction over all issues covered in the parties' agreements.

In addition, there appears to be no dispute that, as wife's expert testified, Sweden had reciprocal provisions for the enforcement of foreign judgments. There was no dispute that the Colorado court had personal jurisdiction over both parties and that both parties had more than sufficient minimum contacts with this state. *See generally In re Marriage of Ness,* 759 P.2d 844 (Colo.App. 1988). Further, the question is whether the husband has complied with the decree, not whether the child is in an emergency situation.

Accordingly, we conclude that it is necessary to remand this matter for determination whether the requirements of § 14–11–101 were satisfied. In ruling on this issue, the trial court may receive and consider additional relevant evidence. *See In re Marriage of Lee,* 781 P.2d 102 (Colo.App.1989).

### III.

■ We next address the issue, which may arise upon remand, whether the trial court had jurisdiction to interpret the parties' agreement. We conclude that it did.

A marital agreement includes an agreement entered into, on or after July 1, 1986, between present spouses if it is signed by both parties prior to the filing of an action for dissolution of marriage or legal separation. Section 14–2–302(1), C.R.S.1997.

Sections 14–2–304(1)(h) and 14–2–304(1)(i), C.R.S.1997, provide that the parties may contract with respect to the choice of law governing the construction of their agreement and as to any other matter that is not in violation of the public policy or any statute imposing a criminal penalty.

The public policy of this state supports agreements between spouses concerning the issue of child support. Sections 14–10–112(1) and 14–10–115(3)(b)(I), C.R.S.1997.

■ However, the law and policy of this state is that the needs of the children are of paramount importance. Thus, a child has a legal right to support from both parents and both parents have a duty to provide reasonable support for the child. *In re Marriage of Miller,* 790 P.2d 890 (Colo.App.1990).

■ Furthermore, a marital agreement is a contract between the parties to a marriage prior to its incorporation in a dissolution decree. *In re Marriage of Manzo,* 659 P.2d 669 (Colo.1983). Absent proof of certain conditions not alleged here, such an agreement is enforceable without consideration. *See* §§ 14–2–303 and 14–2–306, C.R.S.1997; *In re Marriage of Goldin,* 923 P.2d 376 (Colo.App. 1996).

Here, the parties executed the first agreement, which established husband's child support obligation, eight days prior to the date that they jointly commenced an action for dissolution in Sweden. Hence, that agreement constituted a marital agreement.

Further, the Swedish court determined in December 1994 that the agreement was valid. Neither party previously requested that the child support provision be interpreted by a court until wife filed her petition in Colorado. We conclude that, under these circumstances, the trial court was required to enforce and, if necessary, interpret the child support provision of the agreement even though it has not been incorporated into a Swedish order. *See In re Marriage of Goldin, supra.*

Nor is the court's authority to interpret and enforce this agreement restricted by the provisions of the agreement that proceedings relating to the agreement are to be submitted to a court in Sweden. The agreement was drafted and entered into in the United States and the parties and the child are all residents of Colorado. Accordingly, the restrictive jurisdictional provisions in the agreement would be contrary to the public policy of this state to provide for the support of children. *See* § 14–2–304(3), C.R.S.1997 (a marital agreement may not adversely affect the right of a child to child support); *In re Marriage of Miller, supra; Blum v. Ader,* 279 N.J.Super. 1, 652 A.2d 176 (1994)(even if parties' choice of law provision in separation agreement was intended to govern obligation to pay for children's higher education if still

residents of Delaware, court would not enforce such a provision as it applied to a New Jersey resident child).

The judgment of dismissal is reversed, and the cause is remanded for further proceedings consistent with the views set forth herein.

NEY and ROY, JJ., concur.