In re the MARRIAGE OF Devra
A. JEFFERS, Appellant,

and

Nicholas G. Makropoulos, Appellee.

No. 98CA2227.

Colorado Court of Appeals,
Div. V.

Nov. 12, 1999.

Law Offices of John W. McKendree, John W. McKendree, Elizabeth McKendree, Denver, Colorado, for Appellant.

Nicholas G. Makropoulos, Ex Parte.

Opinion by Judge TAUBMAN.

In this dissolution of marriage action, Devra Jeffers (wife) appeals from the trial court's judgment dismissing her petition for

dissolution of marriage from Nicholas G. Makropoulos (husband), and granting custody of their minor children to husband. We affirm in part, reverse in part, and remand for further proceedings in accordance with this opinion.

This action was commenced in September 1996 when wife, a U.S. citizen, filed a petition for dissolution of marriage, alleging that she had been domiciled in Colorado since May 1995, and seeking custody of the parties' two children. Husband, a Greek citizen, filed a combined special appearance, motion to stay, and motion to dismiss, objecting to the exercise of personal and subject matter jurisdiction and asserting that custody and dissolution proceedings had previously been filed in Greece.

A hearing to determine jurisdiction was held in January 1997, at which time wife was present, counsel for both parties were present, and oral argument was heard. After that hearing, the magistrate found that: the parties were married in 1984 in Denver and subsequently in Greece; they lived in Greece, where two children were born of the marriage, a son age ten and a daughter age five; and in May 1995, based upon concern for the health of one child, the entire family came to Colorado and sought medical treatment for the child at a local hospital.

Husband returned to Greece one month later and wife remained in Colorado with the children. Despite husband's repeated requests that wife return the children, she refused. At the time of the hearing, the children had been in Colorado for approximately 20 months.

In December 1995, both parties petitioned in Greece for custody of the children. These petitions were later dismissed.

In July 1996, husband again petitioned for custody of the children in Greece. Wife was served with this petition in August 1996, and again at a hearing in January 1997. The Greek custody petition filed by husband did not ask for a divorce, but in October 1996 he filed for divorce in Greece. This petition was filed one month after wife initiated this action for dissolution of marriage in Colorado.

The magistrate determined that, because husband had never been a resident of Colorado, had never intended to establish a marital domicile here, and continued to reside in Greece, Colorado did not have personal jurisdiction over him. The magistrate concluded, therefore, that orders could not be entered pertaining to custody or the disposition of property located in Greece. The magistrate also concluded that husband's confession to a permanent county court restraining order in Denver did not subject him to the personal jurisdiction of the district court in this action. The magistrate noted that the custody issue was to be addressed by the Greek court in January 1997, and a dissolution of marriage hearing in Greece was scheduled for March 1997.

Concluding that Greece was the more appropriate forum because wife had already submitted to personal jurisdiction there and because the Greek court could enter comprehensive orders resolving all of the disputes between the parties, the magistrate retained only subject matter and quasi in rem jurisdiction over the Colorado petition for dissolution of marriage. This was so that the court would be able to consider limited issues over which it had jurisdiction in the event that the Greek court did not enter a decree of dissolution or address certain custody issues.

After a C.R.M. 6(e)(4) review, the district court determined that inasmuch as the magistrate had found that there were no contested issues of fact concerning personal jurisdiction and had considered the offers of proof that were made, an evidentiary hearing was not necessary. The district court affirmed the magistrate's January 1997 order determining that Greece was the more appropriate forum.

In June 1997, husband filed a motion in the district court requesting it to adopt and enforce a Greek custody order entered that month which granted him care and custody of the children. He relied upon the *Hague Convention of 25 October 1980 on the Civil Aspects of International Child Abduction*, 19 I.L.M. 1501 (1980) (Hague Convention). He requested that wife be directed forthwith to turn over the children to his agent for their return to Greece, and that she be ordered to

surrender their passports. On July 28, 1997, the district court granted husband's motion and ordered wife to turn over the children forthwith.

Wife filed a motion to reconsider which was denied in April 1998. She filed a notice of appeal from the July 1997 and April 1998 orders. However, a division of this court dismissed that appeal without prejudice because the dissolution of marriage action was still pending before the trial court, and a final order had not been entered.

Thereafter, wife filed a second motion to reconsider and to stay the prior orders. Meanwhile, husband filed motions to enforce the prior orders, requesting that the sheriff be directed to take custody of wife until the children were produced or, alternatively, that wife be ordered to appear and produce the children in open court. After hearing argument, the court denied wife's motions in August 1998, and ordered wife to turn over the children forthwith to husband's designated agent so that they could be returned to husband in Greece.

Wife then filed a writ of prohibition in the supreme court. That petition and request for stay were denied, and the children were returned to Greece.

On September 10, 1998, the trial court dismissed the Colorado dissolution of marriage proceeding with prejudice. This appeal followed.

## I. Personal Jurisdiction

■ Wife asserts that the trial court erred in concluding that it lacked personal jurisdiction over husband after he requested enforcement of the Greek custody decree. We agree that when husband requested the affirmative relief of return of the children, the trial court obtained personal jurisdiction over him.

■ A party enters a general appearance and consents to the personal jurisdiction of a court by seeking relief in a form that acknowledges the personal jurisdiction of the court. Two requirements must be met: 1) the party must have knowledge of the pending proceeding; and 2) the party must intend to appear. *In re Marriage of Lockwood,* 857 P.2d 557 (Colo.App.1993).

Here, although husband had previously contested personal jurisdiction in the dissolution of marriage and custody action, his motion to adopt the Greek custody order met both of the above requirements, thereby subjecting him to the general jurisdiction of the trial court.

Husband's motion to adopt the Greek custody order was in effect a petition for return of his children pursuant to the Hague Convention. As such, the motion was brought for the purpose of asking the court for affirmative relief—return of the children. Therefore, through his motion, husband subjected himself to the personal jurisdiction of the trial court.

## II. Hague Convention

■ Wife next contends that the trial court erred in adopting the Greek custody order without conducting a hearing. The trial court granted husband's motion because it thought it was enforcing a custody decree of the Greek court and because it found the Greek court was a more appropriate forum. However, we conclude that the trial court erred in not applying the Hague Convention and its implementing federal legislation, and therefore remand for a hearing pursuant to the Hague Convention.

■ Review of a trial court's interpretation of international law is *de novo. Friedrich v. Friedrich,* 78 F.3d 1060 (6th Cir.1996).

Under the Hague Convention, and its implementing legislation, The International Child Abduction Remedies Act, 42 U.S.C. §§ 11601 through 11610 (1994) (the Act), United States courts can determine only rights under the Convention, not the merits of an underlying custody dispute. 42 U.S.C. § 11601(b)(4) (1994).

The provisions of the implementing Act are in addition to those of the Hague Convention. 42 U.S.C. § 11601(b)(2) (1994). Greece is a signatory nation to the Hague Convention. *See Hague Convention, supra;* L. Silberman, *Hague Convention on International Child Abduction: A Brief Overview*

*and Case Law Analysis,* 28 Fam. L.Q. 9 (1994) (*Hague Convention Overview* ).

The purpose of the Hague Convention, under which the state and federal courts are given concurrent jurisdiction, is to return promptly children who are wrongfully removed or retained unless one of the express narrow exceptions applies. 42 U.S.C. § 11601(a)(4) (1994); *see Ohlander v. Larson,* 114 F.3d 1531 (10th Cir.1997); *see also Friedrich v. Friedrich, supra* (Convention is generally intended to restore the pre-abduction status quo, not to determine the merits of the underlying custody dispute, and to deter parents from crossing borders in search of a more sympathetic court).

■ The Hague Convention applies whether or not a custody decree exists, and it does not provide for the enforcement of custody decrees rendered by another foreign state. *See Hague Convention Overview, supra,* at 11–12.

Here, although husband asked for enforcement of the Greek custody decree, he was seeking return of the children pursuant to the Hague Convention. The trial court returned the children, but did not conduct a hearing as required by the Hague Convention.

Although the Hague Convention does not specifically state that a hearing must be held, it "is meant to provide for a child's prompt return *once it has been established* the child has been 'wrongfully removed' to or retained in any affiliated state." *Ohlander v. Larson,* 114 F.3d 1531, 1534 (10th Cir.1997) (emphasis added).

■ Although no court has directly addressed this issue, we conclude that, based on various provisions of the Hague Convention and the Act, when a petition under the Hague Convention is filed, a court must hold a hearing to determine whether a child has been wrongfully removed to or retained in a contracting state. Article 11 of the Convention requires expeditious resolution of a petition for return of a child; Article 29 provides that any person alleging a violation of custodial or access rights may apply to judicial authorities for return of a child. *See Hague Convention, supra* (arts. 11 and 29). *See*

*also Hague Convention, supra* (art. 14)(allowing judicial authorities to take notice of the law in the child's state of habitual residence); 42 U.S.C. §§ 11601(b)(4) and 11603(d) (1994) (empowering courts to determine rights under Convention).

If the court determines there has been a wrongful removal or retention, it must consider any defenses raised, and whether the party asserting such defenses has met the required burden of proof. Articles 12 and 13 of the Convention enumerate the available defenses, and the Act supplies the requisite burdens of proof. *See Hague Convention, supra* (arts. 12 and 13). *See also* 42 U.S.C. § 11603(e) (1994).

Accordingly, the trial court should have conducted an evidentiary hearing pursuant to the Hague Convention to determine whether wife had wrongfully removed or retained the children, and, if so, whether she had meritorious defenses that would have allowed her to keep the children even if she had wrongfully removed or retained them. On remand, the court should make these determinations.

If it is established that the children were wrongfully removed or retained, wife should be permitted to present evidence on her defenses that the children were well-settled in Colorado, *see Hague Convention,* art. 12, and that the children were subject to a grave risk of harm if returned to Greece. *See Hague Convention,* art. 13.

■ However, even if wife establishes these defenses, the trial court may exercise its discretion and determine that the children should remain in Greece, if such order would further the aims of the Hague Convention. *See Hague Convention, supra,* art. 18; 42 U.S.C. § 11603(e); *Friedrich v. Friedrich, supra.*

### III. Trial Court's Refusal to Appoint Guardian Ad Litem

Wife also asserts that the trial court deprived her children of their liberty interests when it refused to appoint a guardian ad litem. Because we conclude that the trial court must hold a hearing on remand, it should also reconsider wife's request for the appointment of a guardian ad litem or special

advocate pursuant to § 14–10–116, C.R.S. 1999.

### IV. Uniform Child Custody Jurisdiction Act

■ Wife next asserts that the trial court erred in failing to afford her rights provided by the Uniform Child Custody Jurisdiction Act (UCCJA), § 14–13–101, et seq., C.R.S. 1999. Although we have determined that the trial court should have held a hearing pursuant to the Hague Convention, we conclude that the trial court did not abuse its discretion in declining to exercise jurisdiction under the UCCJA.

#### A.

Generally, the UCCJA applies to interstate custody disputes. Sections 14–13–102 and 14–13–103, C.R.S.1999. However, based on § 14–13–124, C.R.S.1999, the general policies of the UCCJA apply to recognition and enforcement of custody decrees from other countries.

Such decrees will be enforced and recognized if all affected parties are given reasonable notice and an opportunity to be heard. Section 14–13–124, C.R.S.1999.

Among the purposes of the UCCJA are: (1) to avoid jurisdictional competition; (2) to promote cooperation with courts where a custody decree is entered in the state best suited to decide the case in the interests of the child; (3) to assure that litigation occurs in the place where the child and the family have the closest connection; (4) to discourage continuing child custody disputes in the interests of stability at home; (5) to deter abductions or unilateral removals undertaken to obtain custody; (6) to avoid relitigation of custody decisions; and (7) to facilitate enforcement of custody decrees. Section 14–13–102, C.R.S. 1999.

■ Under the UCCJA, when an action is pending in a foreign court, the trial court has discretion to decline to determine an issue that could easily and efficiently be addressed by the foreign court. *In re C.G.G.*, 946 P.2d 603 (Colo.App.1997) (child support); *In re Marriage of Mowrer*, 817 P.2d 612 (Colo. App.1991) (court in jurisdiction in which husband was domiciled was more appropriate forum to determine child support and it would not be judicially efficient to "split" consideration of that issue from custody); *In re Marriage of Tatum*, 653 P.2d 74 (Colo. App.1982) (custody).

Further, a court cannot modify a foreign custody decree unless the foreign court does not have jurisdiction now, or has declined to exercise jurisdiction with respect to the custody decree. Section 14–13–115, C.R.S.1999.

Here, in applying the UCCJA, the trial court determined that Greece was the proper forum for determination of the children's custody. We will not disturb this decision absent an abuse of discretion. *Matter of Custody of C.C.R.S.*, 892 P.2d 246 (Colo.1995). We conclude that the trial court properly considered the purposes of the UCCJA as well as the provisions concerning home state and best interests of the children, and determined that the Greek court was the more appropriate forum.

When wife made her first request that the trial court exercise jurisdiction under the UCCJA, husband had already filed a custody petition in Greece and had not yet submitted himself to personal jurisdiction in Colorado. The magistrate considered how long the children had been in Colorado, their contacts with Greece and Colorado and other factors. The decision to decline jurisdiction was within the magistrate's discretion, and we agree with the trial court that there was no abuse of such discretion. *See In re Marriage of Mowrer, supra; see also In re Edilson*, 637 P.2d 362 (Colo.1981) (explaining that because a basic policy of the UCCJA is to discourage forum shopping, when two courts can exercise jurisdiction, exclusive jurisdiction is conferred on a court where the matter was first raised).

#### B.

■ Wife also raised the issue of jurisdiction under the UCCJA for a second time in her motion for reconsideration. At that point, the court had already enforced the Greek custody decree, and was deferring to that foreign custody decree pursuant to § 14–13–124, C.R.S.1999.

Although wife does not dispute that she received notice of the custody dispute initiated by husband in Greece, she asserts that because Greece does not provide free legal aid for indigent litigants, she did not contest the Greek custody proceeding. To premise a claim of error on this deficiency, however, wife must make more than a bald statement that Greece does not provide free legal services for indigent litigants. There must be evidence in the record which supports this statement. *Westrac, Inc. v. Walker Field,* 812 P.2d 714 (Colo.App.1991). Here, the record does not contain such evidence.

In the first Greek custody dispute, wife had an attorney representing her in Greece. There is nothing in the record explaining why wife did not use this attorney to represent her in the second custody dispute in Greece, rather than pursuing her interests in Colorado. Evidence in the record shows that wife's Colorado attorney spoke with her previous attorney in Greece to obtain advice about grecian law. Furthermore, wife did not present any evidence that legal aid for indigent litigants does not exist in Greece or that, because she was proceeding *in forma pauperis* in Colorado, she could not have done the same in Greece. She also failed to show that her presence was necessary in Greece or that she could not have obtained the services of a pro bono attorney there. Therefore, we conclude that wife had an opportunity to be heard, and that the trial court's refusal to exercise jurisdiction was not in violation of the UCCJA.

### V. Trial Court's Dismissal of the Action

Finally, wife asserts that the trial court erred in dismissing her petition for dissolution of marriage because the Greek court did not grant husband a dissolution of marriage, and the trial court had retained jurisdiction over her case. We agree.

In its initial order in January 1997, the trial court reserved quasi in rem and subject matter jurisdiction for resolution of issues not decided by the Greek court. After the children were returned to Greece, husband moved the trial court for dismissal of the action because there were no further matters pending before the court. Because there is no evidence in the record that the Greek court issued a decree of dissolution of mar-

riage, we conclude the trial court erroneously granted husband's motion.

The trial court's refusal to exercise jurisdiction pursuant to the UCCJA is affirmed. The portion of the judgment returning the children to Greece is reversed, and the case is remanded for a hearing pursuant to the Hague Convention. The portion of the judgment dismissing the dissolution of marriage action is reversed and is remanded for further proceedings in accordance with this opinion.

If the Greek court has not entered a dissolution of marriage decree, the trial court should consider wife's petition for dissolution of marriage in this action, and take any further actions necessary. Because the trial court had personal jurisdiction over both parties it may also decide issues related to the marriage. If the Greek court has entered a dissolution of marriage decree, the trial court may enforce that decree, and dismiss this action with prejudice after conducting the required hearing pursuant to the Hague Convention.

The judgment is affirmed as to the trial court's refusal to exercise jurisdiction under the UCCJA. The judgment is reversed as to all other issues raised, and the cause is remanded for proceedings in accordance with this opinion.

Judge ROTHENBERG and Judge ROY concur.