Virginia R. VOGAN, Plaintiff–Appellant,

v.

COUNTY OF SAN DIEGO and County of
San Diego Department of Child Support
Services, Defendants–Appellees.

No. 07CA1391.

Colorado Court of Appeals,
Div. IV.

July 24, 2008.

Feather Legal Services, P.C., Gerald B. Feather, Grand Junction, Colorado, for Plaintiff–Appellant.

Hoskin, Farina & Kampf, P.C., David M. Dodero, Andrew H. Teske, Grand Junction, Colorado, for Defendants–Appellees.

Opinion by Judge TERRY.

Plaintiff, Virginia R. Vogan, appeals from the trial court's order dismissing her action to terminate a wage assignment for lack of personal jurisdiction over defendants, County of San Diego and County of San Diego Department of Child Support Services. We analyze her contentions under the Uniform Interstate Family Support Act, sections 14–5–101 to –903, C.R.S.2007 (UIFSA), and the Colorado long-arm statute, section 13–1–124(1), C.R.S.2007. We conclude the Colorado trial court could properly exercise personal jurisdiction over defendants, who allegedly continued to collect withholdings from plaintiff's wages under UIFSA, contrary to a previous order from a Colorado court vacating the California judgment upon which the wage assignment was based. We vacate the order of dismissal and remand for further proceedings.

## I. Background

Plaintiff lives and works in Colorado. In 1998, defendants obtained against her an order of the Superior Court of California for child support, and a wage and earnings assignment. Defendants forwarded the assignment to plaintiff's Colorado employer under the provisions of UIFSA, but apparently did not register the order in Colorado, as permitted by section 14–5–601, C.R.S.2007. Plaintiff's employer remitted a portion of her earnings to defendants in accordance with the California order.

In 2002, plaintiff registered the California child support judgment in the district court for Mesa County, Colorado, and in 2003 she filed a petition in that court to vacate the California judgment for lack of jurisdiction,

alleging it was void because she had not been properly served. Because defendants, who had been served with the petition, never responded, the district court deemed the petition confessed and granted it. Both the court and plaintiff served on defendants copies of the court's order granting the petition.

In 2005, plaintiff initiated this action against defendants, alleging they ignored the Colorado court's order vacating the child support judgment, and wrongfully refused to terminate the wage assignment. She sought restitution of the amounts that had been withheld from her wages as a result of the vacated judgment, and sought to have defendants enjoined from further execution on the judgment.

Defendants entered a special appearance and filed a motion to dismiss for lack of personal jurisdiction. The trial court granted defendants' motion to dismiss, but, on the same day, also granted plaintiff's request to amend her complaint. In the amended complaint, in addition to reiterating the same claims made in the first complaint, plaintiff further alleged that defendants had wrongfully taken her 2005 income tax refund, and added a claim for treble damages under the civil theft statute, section 18–4–405, C.R.S. 2007. The amended complaint alleged jurisdiction under the long-arm statute, based on defendants' "conduct of business in Colorado" and "based upon the tortious nature of their business activities in Colorado." In granting defendants' motion to dismiss the amended complaint, the district court construed section 14–5–314, C.R.S.2007, to preclude jurisdiction over them, and dismissed the action for lack of personal jurisdiction.

## II. Analysis

Plaintiff argues the trial court erred in determining it lacked personal jurisdiction over defendants in Colorado. We agree.

We review de novo the court's determination of jurisdiction over a party. *First Horizon Merchant Servs., Inc. v. Wellspring Capital Mgmt., LLC,* 166 P.3d 166, 172 (Colo. App.2007).

### A. Continuing Jurisdiction Under UIFSA

Section 14–5–601 provides that a support order or income-withholding order issued by another state may be registered in Colorado. Defendants have not contested plaintiff's right to register the order under that section. Although plaintiff's pleadings in the first action did not reference section 14–5–606 or – 607, C.R.S.2007, those sections provided a statutory basis for the proceeding.

We conclude that section 14–5–607(b), C.R.S.2007, establishes jurisdiction over defendants with respect to plaintiff's claims for injunctive relief and restitution of funds allegedly improperly collected by them. That section provides that a Colorado court may stay enforcement of the registered order, and may "issue other appropriate orders." Because courts have inherent power to enforce their orders, *see Board of County Comm'rs v. Nineteenth Judicial Dist.,* 895 P.2d 545, 549 (Colo.1995), this section conferred continuing jurisdiction over defendants for the court to enforce its earlier order vacating the California wage assignment order. Here, the exercise of this inherent power does not implicate due process concerns, because defendants admittedly availed themselves of the provisions of UIFSA by using the California order to reach plaintiff's earnings in Colorado.

We reject defendants' contention that section 14–5–314(a), C.R.S.2007, precludes personal jurisdiction in Colorado with respect to plaintiff's claims for injunctive relief and restitution. Under that statute, participation by a petitioner in a UIFSA proceeding before a responding tribunal does not confer personal jurisdiction over the petitioner in another proceeding. However, jurisdiction as to these claims does not depend upon defendants' having filed a petition in Colorado. In fact, we find no indication in the record that defendants ever filed a petition under UIFSA in Colorado. In any event, the court has both continuing subject matter jurisdiction and continuing personal jurisdiction under 14–5–607(b) to enforce its prior order.

### B. Personal Jurisdiction with Respect to Civil Theft Claim

Because plaintiff's civil theft claim does not implicate enforcement of the district court's

prior order, we analyze personal jurisdiction for that claim separately from jurisdiction over her UIFSA-based claims. We reject defendants' contention that, under section 14–5–314(a), the court lacked jurisdiction over them with respect to the theft claim.

Although section 14–5–314 does not confer personal jurisdiction over defendants with respect to the theft claim, it also does not preclude such jurisdiction if it derives from another legitimate source. We conclude that the Colorado long-arm statute confers personal jurisdiction over defendants as to this claim.

As relevant here, Colorado's long-arm statute provides:

Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person ... to the jurisdiction of the courts of this state concerning any cause of action arising from:

(a) The transaction of any business within this state;

(b) The commission of a tortious act within this state.

§ 13–1–124(1)(a)–(b), C.R.S.2007.

■ The factors for determining personal jurisdiction based on a C.R.C.P. 12(b)(2) motion to dismiss for lack of personal jurisdiction are set forth in *Archangel Diamond Corp. v. Lukoil,* 123 P.3d 1187 (Colo.2005). The court has discretion whether to address a C.R.C.P. 12(b)(2) motion based solely on documentary evidence or by holding a hearing. *Id.* at 1192. Where, as here, a court decides the motion only on the documentary evidence, "the plaintiff need only demonstrate a prima facie showing of personal jurisdiction to defeat the motion." *Id.* That burden is met where the plaintiff raises a reasonable inference, whether in the complaint or in other documentary evidence, that the court has jurisdiction over the defendant. The allegations of the complaint must be accepted as true to the extent they are not contradicted by the defendant's competent evidence. *Id.* Because defendants here did not submit affidavits or other documentary evidence to support their motion, we must accept the allegations of plaintiff's amended complaint as true.

■ "[T]he General Assembly intended for our long-arm statute to confer the maximum jurisdiction permitted by the due process clauses of the United States and Colorado constitutions." *Id.* at 1193. In determining the existence of long-arm jurisdiction, Colorado courts employ a two-step analysis: "First, we [determine] whether the act or acts relied on to support jurisdiction fall within one of the subsections of the long arm statute. Then, we [analyze] separately whether the exercise of jurisdiction would comport with due process." *Classic Auto Sales, Inc. v. Schocket,* 832 P.2d 233, 235 (Colo.1992).

■ Here, the tortious conduct alleged against defendants falls within subsection (1)(b) of the long-arm statute. The long-arm statute is satisfied if either the tortious conduct or the resulting injury occurs in Colorado. *Id.* at 235–36. The amended complaint sufficiently alleges that plaintiff was damaged in Colorado by defendants' tortious conduct.

Because the theft claim falls within the long-arm statute's ambit, we proceed to analyze whether the exercise of jurisdiction over defendants comports with due process.

Our supreme court, relying on *Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), has concluded that an abbreviated minimum contacts analysis may be performed when the commission of a tort forms the basis of personal jurisdiction. *See Goettman v. North Fork Valley Rest.,* 176 P.3d 60, 69 (Colo.2007) (noting that "the commission of a tort, in itself, creates a sufficient nexus between a defendant and the forum state that satisfies the due process inquiry and establishes specific jurisdiction," and that "[i]n such cases, there is no need for further minimum contacts analysis because the defendant is so connected with the forum state that traditional notions of fair play and substantial justice are not offended by the forum state's exercise of personal jurisdiction over the defendant"); *Classic Auto Sales,* 832 P.2d at 237–38; *D & D Fuller CATV*

*Constr., Inc. v. Pace,* 780 P.2d 520, 525–26 (Colo.1989).

The *Calder* court, addressing what contacts are necessary to satisfy due process in the context of an intentional tort, "approved an 'effects' test and held that where a defendant's intentional, and allegedly tortious, actions, taken outside the forum, are expressly directed at causing a harmful effect within the forum state, a sufficient nexus exists between the defendant and the state so as to satisfy due process." *Classic Auto Sales,* 832 P.2d at 237 (quoting *D & D Fuller,* 780 P.2d at 525–26). Plaintiff's allegations indicate she was harmed in Colorado by defendants' actions. Therefore, we conclude that the trial court's exercise of jurisdiction over defendants as to the theft claim does not offend due process.

Moreover, we conclude that the exercise of personal jurisdiction over defendants comports with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Through the reduction of her earnings and the alleged loss of her income tax refund, plaintiff has been subjected to significant action by out-of-state defendants to her detriment. This gives Colorado, as her state of residence, a strong interest in protecting her rights. The burden on defendants of litigating this action in Colorado is outweighed by the interests at stake here. *See In re Marriage of Malwitz,* 99 P.3d 56, 63 (Colo.2004). It would impose an undue financial and practical burden on plaintiff to force her to travel to California to vindicate rights she won through her previous action brought in Colorado, particularly when she alleges that defendants' activities have diminished her financial resources.

The order is vacated, and the case is remanded for further proceedings on plaintiff's complaint.

Judge CASEBOLT and Judge WEBB concur.