23CA1318 In Interest of AJF 08-15-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1318 Archuleta County District Court No. 12JV35 Honorable Jeffrey R. Wilson, Judge In the Interest of A.J.F., a Child, and Concerning N.F., Appellant, and L.L.S, Appellee. ORDER AFFIRMED AND CASE REMANDED WITH DIRECTIONS Division IV Opinion by JUDGE JOHNSON Navarro and Pawar, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 15, 2024 Jones Law Firm, P.C., Patrick G. Barkman, John M. Duggan, Centennial, Colorado for Appellant The Law Firm of Lisa Ward, LLC, Lisa Ward, Durango, Colorado for Appellee 
1 ¶ 1 N.F. (father) appeals the district court’s child support enforcement order in favor of L.L.S. (mother). We affirm the order but remand the case to allow the district court to determine appellate attorney fees. I. Background ¶ 2 In 2012, this case began as a paternity action filed in the district court in Archuleta County, Colorado (the Colorado court). In 2014, the parties, who were never married, stipulated to a permanent parenting plan for A.J.F. (the child) that included child support (the 2014 stipulation). The Colorado court adopted the 2014 stipulation as an order of the court. As relevant here, the 2014 stipulation required father to pay mother $2,535 monthly for child support. It also stated that “[t]he child’s extraordinary medical expenses, as defined in [section] 14-10-115(10)(h)(II), [C.R.S. 2024,] shall be paid by the father.” ¶ 3 At the time of the 2014 stipulation, father “reside[d] part-time in Pagosa Springs, Colorado, and part-time in Texas.” Father registered the Colorado order in Texas. Father later became a resident of Texas. Mother, who moved to California with the child, registered the Colorado order with a California court and requested 
2 a modification of child support and parenting time based on the parents’ relocations. In April 2016, the California court granted mother sole legal and physical custody of the child but denied her request to modify child support, finding that “California lacks in personam jurisdiction over [father].” Mother asserted that a motion to modify child support was filed in the Colorado court in March 2016. ¶ 4 In the meantime, the Archuleta County Child Support Enforcement Unit, which had filed a motion to modify child support in the Colorado court in June 2015, withdrew its motion and notified that court that it believed Texas had jurisdiction over child support and that the child support matter should be transferred there. Father later filed a motion to modify child support in Texas but was unable to effectuate service on mother, and the case was subsequently closed. ¶ 5 In 2016, a Colorado magistrate ordered the parties to “submit briefs on the issue of this court’s continuing jurisdiction, or lack thereof [and] to hear [mother’s] request for modification of child support.” The magistrate determined, according to section 14-5-
205(a)(2), C.R.S. 2024, that it could not exercise continuing, 
3 exclusive jurisdiction to modify its previously entered child support order. Neither party petitioned for district court review of this determination. ¶ 6 Five years later, mother filed in this case a motion to enforce the 2014 stipulation (motion to enforce). The motion to enforce requested that the court require father to pay for the child’s medical expenses to include “neurofeedback treatments and somatic therapy” as well as “therapies which are recommended by specialists to help control [the child’s] tic disorder such as piano, singing, swimming and art classes.” Mother also argued that the child’s disabilities required him to be in private school; she asserted that the stipulation required father to pay the school’s tuition. ¶ 7 Father moved to dismiss the motion to enforce, arguing that (1) mother’s motion was not an enforcement but an improper modification, and (2) the court lacked jurisdiction to modify the 2014 stipulation’s child support order. The magistrate, who determined that mother’s motion was one to enforce, not to modify, and that father conceded that the Colorado court has jurisdiction to enforce, denied father’s motion. While the motion to enforce was still pending, father filed another motion to dismiss in which he 
4 alleged that a Texas court should determine mother’s motion to enforce because mother had allegedly moved to Texas with the child. Father’s second motion to dismiss was denied. ¶ 8 The Colorado court ruled on the motion to enforce in January 2023. It concluded that (1) father was not liable for some of the child’s extraordinary medical expenses, including neurofeedback, because mother did not comply with notice, insurance, and reasonable necessity rules in the 2014 stipulation; and (2) father must pay for the child’s piano, swimming, art, and singing lessons and private school tuition. II. Jurisdiction ¶ 9 Father asserts that the Colorado court should not have exercised jurisdiction over mother’s motion to enforce. He asserts that Texas should have had jurisdiction. We disagree. A. Mother’s Threshold Contentions 1. Preservation ¶ 10 Mother states that father did not cite the record indicating where his argument was preserved. Nor could he, she argues, because he did not preserve this argument. We disagree. 
5 ¶ 11 True, father did not cite the record to support his claim. And C.A.R. 28(a)(7)(B) requires that an argument section contain appellant’s contentions and reasoning with citations to legal authorities and the record. Vallagio at Inverness Residential Condo. Ass’n v. Metro. Homes, Inc., 2017 CO 69, ¶ 40. A noncompliant brief may be stricken and the appeal dismissed. See C.A.R. 38(a). Nonetheless, even when an appellant’s brief fails to satisfy the requirements of C.A.R. 28, we may exercise our discretion to consider the appeal on the merits as long as we are able to discern the issues presented for review. See Barr Lake Vill. Metro. Dist. v. Colo. Water Quality Control Comm’n, 835 P.2d 613, 615 (Colo. App. 1992). Although father did not cite the record, because we can discern the issue presented, we will consider the merits of his appeal. ¶ 12 Regardless, father’s argument implicates the Colorado court’s subject matter jurisdiction; therefore, it can be raised at any stage in the proceedings. See People in Interest of C.L.T., 2017 COA 119, ¶ 13. 
6 2. Waiver ¶ 13 Mother also argues that father waived his issue on appeal when “he affirmatively asked the [Colorado] trial court to appoint a parenting time coordinator, clearly invoking the court’s jurisdiction.” But a challenge to subject matter jurisdiction cannot be waived. Town of Carbondale v. GSS Props., LLC, 169 P.3d 675, 681 (Colo. 2007). B. Father’s Threshold Contentions 1. Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA) ¶ 14 Relying on People in Interest of M.C., 94 P.3d 1220, 1223 (Colo. App. 2004), father contends that a Colorado court must satisfy the requirements of the UCCJEA, specifically, section 14-13-206(2), C.R.S. 2024, before it determines whether it has jurisdiction and that the court here failed to do so. The court did not err. ¶ 15 In M.C., another division of this court applied the UCCJEA and decided that a Colorado magistrate erred when it entered child-
custody orders without first communicating with a Texas court that had already commenced a child-custody proceeding. 94 P.3d at 1223. Father does not explain how the court’s holding in M.C. or 
7 the UCCJEA apply to this case because the issues raised do not involve custody of the child. We therefore see no need to require the application of the UCCJEA, including section 14-13-206(2), in this matter. See In re Marriage of Zinke, 967 P.2d 210, 211-12 (Colo. App. 1998) (provisions of an earlier version of the UCCJEA do not apply in a case related solely to child support). 2. Enforcement or Modification of the 2014 Stipulation’s Child Support Order ¶ 16 Father admits that Colorado “retains jurisdiction for enforcement [of the 2014 stipulation].” He asserts that, instead of enforcing its prior order, though, the Colorado court improperly modified the child support portion of the magistrate’s order without jurisdiction. But father did not preserve the argument that the motion to enforce was a motion to modify. Although he initially raised this argument, he did not seek review of it before the district court. Thus, we will not address it. See Madalena v. Zurich Am. Ins. Co., 2023 COA 32, ¶ 50 (issues not raised before the trial court will not be addressed on appeal). 
8 C. Standard of Review and Applicable Law ¶ 17 Colorado enacted the Uniform Interstate Family Support Act (UIFSA) in 1995. See In Interest of R.L.H., 942 P.2d 1386, 1387 (Colo. App. 1997). ¶ 18 A provision and comment from the UIFSA, though not obvious on their face, are helpful here. Pursuant to the UIFSA, “[a] tribunal of this state that has issued a child support order consistent with the law of this state has and shall exercise continuing, exclusive jurisdiction [(CEJ)] to modify its child support order if the order is the controlling order,” and “at the time of the filing of a request for modification, this state is the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued.” § 14-5-205(a)(1). Similarly, pursuant to section 14-5-205(a)(2), when Colorado issues a child support order it has CEJ to modify that order, even when no party resides in Colorado, if “the parties [so] consent in . . . open court.” As we discuss below, sections 14-
5-205(a)(1) and (2) are inapplicable in this case. ¶ 19 Because Colorado’s statutory language for section 14-5-205 is identical to that contained in section 205 of the Model UIFSA, in construing its meaning, we are guided by the comments of the 
9 National Conference of Commissioners on Uniform State Laws. See In re Marriage of Hillstrom, 126 P.3d 315, 320 (Colo. App. 2005) (using the comments from this conference to inform interpretation of a different statute). The comment to section 205 of the Model UIFSA acknowledges the retention of jurisdiction for enforcement of a previous order: “Even if the parties and the child no longer reside in the issuing state, the support order continues in existence and is fully enforceable unless and until a modification takes place . . . .” Unif. Interstate Fam. Support Act § 205 cmt. (Unif. L. Comm’n 2008). ¶ 20 This reasoning is consistent with Colorado case law. Courts have the inherent power to enforce their own orders. Vogan v. Cnty. of San Diego, 193 P.3d 336, 338 (Colo. App. 2008). We acknowledge that, under some circumstances, Colorado has declined jurisdiction when an out-of-state court could determine a child support issue more easily and efficiently. See In re Marriage of Mowrer, 817 P.2d 612, 614 (Colo. App. 1991) (court declined jurisdiction over motion to modify child support when the initial order entered in Arkansas had been registered in the Colorado court, but a proceeding regarding visitation was pending in 
10 Arkansas); see also In re C.G.G., 946 P.2d 603, 605 (Colo. App. 1997) (court declined to determine child support issue for parents residing in Colorado when initial order entered in Sweden, and the parties had an opportunity to resolve the issue there). ¶ 21 Section 14-5-204, C.R.S. 2024, incorporates Model UIFSA section 204’s acknowledgement that, in order to avoid competing support orders, courts are “expected to take an active role in seeking out information about support proceedings in another state . . . concerning the same child” and, depending on the circumstances, “should decide to defer to the other.” Unif. Interstate Fam. Support Act § 204 cmt. (Unif. L. Comm’n 2008). ¶ 22 Because the Colorado court has discretion to accept jurisdiction in this matter, we review that determination for an abuse of discretion. See Mowrer, 817 P.2d at 614. A district court abuses its discretion when it acts in a manifestly arbitrary, unreasonable, or unfair manner or when it misapplies the law. In re Marriage of Bergeson-Flanders, 2022 COA 18, ¶ 10. D. Analysis ¶ 23 Father argues that the Colorado court should not have exercised jurisdiction over mother’s motion to enforce because (1) 
11 neither party nor the child reside in Colorado; (2) father did not consent to Colorado’s jurisdiction; and (3) the court’s order created a “paradox by denying jurisdiction over child support but retaining jurisdiction over issues that directly impact child support . . . .” ¶ 24 Mother does not contest father’s assertion that he did not consent to Colorado’s CEJ over child support. Because (1) neither party nor the child lived in Colorado at the time mother filed her motion to enforce, and (2) mother does not contest father’s claim that he did not consent to Colorado CEJ, Colorado would have been required to decline jurisdiction had mother’s motion to enforce been one seeking modification. See § 14-5-205(a)(1)-(2). But mother sought to enforce, not to modify, the child support order contained in the 2014 stipulation. According to the Model UIFSA, then, the 2014 stipulation’s child support order remains enforceable unless and until a court modifies the child support. See Unif. Interstate Fam. Support Act § 205 cmt. No such modification was requested by mother in the Colorado court, nor has father successfully obtained modification in the case he filed in the Texas court. ¶ 25 Father then asserts that the Colorado court should not have retained jurisdiction over the child’s expenses because doing so 
12 “offends the very purpose behind UIFSA.” He alleges that the court’s order “created at least two, and possibly three states with enforceable or potentially enforceable orders: California, for child custody and parenting time, Colorado for child expenses only, and possibly Texas for modification and enforcement of child support.” This argument, too, is unavailing for three reasons. ¶ 26 First, in making this argument, father cites Hillstrom, 126 P.3d at 318, in which a division of this court stated that the “UIFSA allows for only one enforceable order in a case at any time. This is accomplished by limiting jurisdiction to modify the original order.” Again, mother seeks to enforce — not to modify — the original support order. ¶ 27 Second, in addition to subject matter jurisdiction, a court must have personal jurisdiction over the parties in a UIFSA proceeding. Colorado is the only court with jurisdiction over mother’s motion to enforce because it is the only state with personal jurisdiction over both parties. See id. at 322 (“[A] custodial parent may . . . enforce a child support action . . . under [the] UIFSA, provided that personal service can be obtained over the obligor.”); cf. In re Marriage of Haddad, 93 P.3d 617, 619 (Colo. App. 2004) (a 
13 court’s adoption of the UIFSA confers subject matter jurisdiction, and a responsive pleading can confer personal jurisdiction in a case where child support overpayments triggered potential modification). As previously discussed, father could not effectuate service on mother in Texas, and the California court concluded that it did not have personal jurisdiction over father in the case mother had filed there. ¶ 28 Third, the Colorado court’s order does not create multiple enforceable orders. Father does not deny in this appeal that, according to the 2014 stipulation, mother is entitled to the payment she seeks for the child’s expenses. Instead, father argues that his payment of these expenses would entitle him to a modification of child support — a modification, which he cannot now seek in Colorado because of the magistrate’s 2016 determination that it could not exercise CEJ over a motion to modify child support. But father filing a motion to modify in another jurisdiction would not create the multiple enforceable orders scenario that the UIFSA seeks to avoid. Based on the comment to section 205 of the Model UIFSA, we understand section 14-5-205(a) to mean that, in a case where no parties reside in Colorado, the support order is 
14 enforceable unless and until a modification takes place. Unif. Interstate Fam. Support Act § 205 cmt. When a modification takes place, therefore, the modified child support order becomes the “enforceable order.” ¶ 29 Because the Colorado court properly assumed jurisdiction over mother’s motion to enforce, the court did not abuse its discretion when it heard and ruled on the motion. III. Attorney Fees ¶ 30 Mother asserts that father’s appeal lacked substantial justification and requests attorney fees pursuant to section 13-17-
102(4), C.R.S. 2024. Father disputes mother’s assertion that his claims were frivolous and irrelevant. Father’s appeal was unsuccessful, but that does not mean it was not supported by rational or plausible argument. See Mission Denver Co. v. Pierson, 674 P.2d 363, 366 (Colo. 1984). Accordingly, we deny mother’s request for attorney fees under title 13. ¶ 31 Mother also requests appellate attorney fees under section 19-
4-117, C.R.S. 2024 (In paternity matters, “[t]he court shall order reasonable fees of counsel . . . to be paid by the parties in proportions and at times determined by the court.”), and section 
15 14-10-119, C.R.S. 2024 (“[A]fter considering the financial resources of both parties,” the court “may order a party to pay a reasonable amount” in attorney fees for proceedings after the entry of judgment.). Mother includes a factual and legal basis for her request for fees as required. See Marriage of Schlundt, 2021 COA 58, ¶ 53. Because the district court is better equipped to determine factual issues regarding the parties’ current financial resources, we remand the case to the district court to address mother’s attorney fees request under sections 19-4-117 and 14-10-119. See C.A.R. 39.1; Schlundt, ¶ 54. IV. Conclusion ¶ 32 The order is affirmed, and the case is remanded to the district court for further proceedings consistent with this opinion. JUDGE NAVARRO and JUDGE PAWAR concur.