**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MARK TRIMBLE;
MICHELLE TRIMBLE,

          Plaintiffs-Appellants,

v.

PARK COUNTY BOARD OF
COMMISSIONERS; PARK
COUNTY BOARD OF HEALTH;
PARK COUNTY BOARD OF
SOCIAL SERVICES; PARK
COUNTY HEALTH DEPARTMENT;
PARK COUNTY DEPARTMENT OF
SOCIAL SERVICES; PARK
COUNTY BUILDING AND
ZONING DEPARTMENT; PARK
COUNTY SHERIFF'S
DEPARTMENT; PARK COUNTY
CHILD PROTECTION TEAM;
HARLAN APARTMENT
COMPANY; KENNETH PLOTZ,
individually and in his administrative
capacity; EDWARD RODGERS,
individually and in his official
capacity; DAVID THORSON,
individually and in his official
capacity; DAVID KANIGEL,
individually and in his official
capacity; PAUL OTTMER,
individually and in his official
capacity; EUNICE TOKATLOGLOU,
individually and in her official
capacity; RICHARD TRAST,
individually and in his official
capacity; JAMES COGGIN,

No. 99-1426
(D.C. No. 97-WY-608-WD)
(D. Colo.)

individually and in his official capacity; DOUG WALTERS, individually and in his/their official capacities as Park County Board of Commissioners; VICTORIA MCCOLLOUGH-MATT, individually and in her official capacity; BARBARA CATLIN, individually and in her official capacity; RANDALL MCKINNON, individually and in his official capacity; ROBERT POWELL, individually and in his official capacity; MARK DAHLSTEN, individually and in his official capacity; JOLEIN HARRO; JULIET GODWIN SHARPE; DIANA ELLINGTON; JANE HAZEN; ROBERT HARRISON, individually and in his official capacity; RAY POBLANO; KAREN ROHLOFF; MARK MORSTAD; HARRIS PARK HOMEOWNER'S ASSOCIATION; HARRIS PARK BOARD; HARLEY HAMILTON, individually and in his official capacity; MARY GENTRY, individually and in her official capacity; UNKNOWN PARTIES OF THE PARK COUNTY CHILD PROTECTION TEAM, individually and in their official capacities; UNKNOWN PARTIES OF THE PARK COUNTY BOARD OF COMMISSIONERS, individually and in their official capacities; ERIC MILLER, individually and in his official capacity,

         Defendants-Appellees.

-2-

## ORDER AND JUDGMENT [*]

Before **BRORBY** , **KELLY** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiffs-appellants Mark Trimble and Michelle Trimble appeal the judgment entered against them on their claims brought pursuant to 42 U.S.C. §§ 1983, 1985.  They request leave to proceed on appeal without payment of costs and fees; the request is granted.  The district court adopted the report and recommendations of the magistrate judge and granted the various defendants' motions to dismiss and for summary judgment.  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Plaintiffs' claims are based on numerous actions taken by various employees and agencies of Park County, Colorado, as well as by private actors.

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Their claims arise from interactions they had with county government employees involving foster care of their children, arrests, public housing, permission to install a sewer system, and removal of items from their real property. Plaintiffs' claims included allegations that various supervisors were liable because they failed to train and supervise the people who treated plaintiffs unlawfully.

On appeal, plaintiffs assert that because the magistrate judge did not hold any hearings, he violated the referral order to hold hearings and make recommendations. They also allege that (1) the filing date for their complaint was not March 26, 1997, but instead March 18, 1997, and therefore, the statute of limitations had not run; (2) the limitations period did not apply under a continuing violation theory; (3) issues of material fact precluded summary judgment and dismissal; and (4) even if the governmental defendants were entitled to qualified immunity, they remained personally liable.

We review de novo an order dismissing a complaint for failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure, using the same standard applied by the district court. See Ordinance 59 Ass'n v. United States Dep't of Interior Sec'y, 163 F.3d 1150, 1152 (10th Cir. 1998). "We accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party." Maher v. Durango Metals, Inc., 144 F.3d 1302, 1304 (10th Cir. 1998).

Dismissal of a complaint pursuant to Rule 12(b)(6) will be upheld only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

We also review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. See McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). Because plaintiffs are appearing pro se, we will liberally construe their pleadings. Whitney v. N.M., 113 F.3d 1170, 1173 (10th Cir. 1997).

Turning to plaintiffs' appellate arguments, the magistrate judge was not required to hold unnecessary hearings. Cf. Hand v. Matchett, 957 F.2d 791, 794 n.2 (10th Cir. 1992) (district court's sua sponte ruling on summary judgment motion proper where parties had had adequate opportunity to address all pertinent issues). Furthermore, plaintiffs have not demonstrated how a hearing would have prevented entry of judgment against them.

Plaintiffs request that personal liability be imposed on the defendants who were granted qualified immunity. The defense of qualified immunity, where

properly granted, "protects a government official from personal liability and the burden of having to go to trial." Andersen v. McCotter, 100 F.3d 723, 729 (10th Cir. 1996). Accordingly, here, those defendants granted qualified immunity cannot be held personally liable. As for plaintiffs' challenge to the filing date for their complaint, with the exception of claim five discussed below, correcting the filing date from March 26, 1997 to March 18, 1997, would not save their claims.

Claim five alleged that two sheriff's deputies, defendants Powell and Miller, entered plaintiffs' home and arrested them without a warrant or probable cause, and defendant Thorson, a deputy district attorney, charged them with crimes that were later dismissed. Plaintiffs alleged further that while they were in jail, their home was searched, also without a warrant. The district court dismissed this count on the ground that it was filed outside the two-year statute of limitations.

The incident occurred on March 18, 1995. Although the complaint was formally filed on March 26, 1997, the filing date relates back to the date the complaint was received by the court, together with the motion to proceed without prepayment of fees. Jarrett v. U.S. Sprint Communications Co., 22 F.3d 256, 259 (10th Cir. 1994). The district court file indicates that the motion and complaint were received on March 14, 1997; therefore, claim five was not barred by the statute of limitations.

The district court's decision to deny relief on claim five was nevertheless proper. Therefore, we affirm the judgment, but for reasons other than those given by the district court. United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994). Claim five alleges malicious prosecution, false arrest, false imprisonment, and an illegal search of plaintiffs' home.

Plaintiffs' allegation that their home was searched illegally while they were in jail is too conclusory to state a claim under § 1983. Defendants Powell and Miller, acting in their capacity as sheriff's deputies, are entitled to qualified immunity if the law was not clearly established or, if it was, if their conduct was objectively reasonable. Breidenbach v. Bolish, 126 F.3d 1288, 1291 (10th Cir. 1997). "[I]n the context of a qualified immunity defense, this court has traditionally required plaintiffs to meet a heightened pleading standard." Id. at 1292. Claim five "fails to offer specific, non-conclusory factual allegations" to demonstrate that defendants violated plaintiffs' Fourth Amendment rights. Id. at 1293.

To maintain a malicious prosecution, false arrest, or false imprisonment claim under § 1983, plaintiffs must demonstrate the elements of a common law claim and show that their Fourth Amendment right to be free from unreasonable search and seizure has been violated. See Taylor v. Meacham, 82 F.3d 1556, 1561 (10th Cir. 1996). One of the essential elements of a malicious prosecution

claim in Colorado is there was no probable cause for the charges against the plaintiff. Walford v. Blinder, Robinson & Co., 793 P.2d 620, 623 (Colo. Ct. App. 1990). Similarly, claims for false arrest or false imprisonment cannot stand if there was probable cause to arrest. Rose v. City & County of Denver, 990 P.2d 1120, 1123 (Colo. Ct. App. 1999).

Here, there was a specific finding of probable cause for the arrest of plaintiff Mark Trimble. R., doc. 145, ex. 1. As for the charges against plaintiff Michelle Trimble, plaintiffs' pleadings do not meet the heightened pleading standard required by Breidenbach, 126 F.3d at 1293, to demonstrate that she was arrested without probable cause. Bare allegations will not suffice. Id. Therefore, neither plaintiff's claim can withstand summary judgment.

Defendant Miller was never served with the complaint. We affirm the district court's determination that the claims against him should be dismissed. Defendant Thorson was properly dismissed from the lawsuit because he is entitled to prosecutorial immunity, Imbler v. Pachtman, 424 U.S. 409, 427 (1976), and the allegations against him are too vague and conclusory to state a claim. See Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 853 (10th Cir. 1996) (conclusory allegations not supported by evidence insufficient to resist summary judgment).

Summary judgment also was appropriate as to the various supervisors named in claim five because plaintiffs failed to "show that any of the

defendant[s]-supervisor[s] took deliberate action in directing the constitutional violation, or had actual knowledge of the violation and allowed the violation to continue."  DeAnzona v. City & County of Denver , 222 F.3d 1229, 1234 (10th Cir. 2000).

We have carefully reviewed the record on appeal, as well as the briefs submitted by the parties.  Except for the ruling on claim five, we approve the magistrate judge's thorough and correct report and recommendation, as adopted by the district court, for substantially the reasons stated in the report.  On claim five, we affirm the judgment in favor of defendants for the reasons given above.

Plaintiffs' request to proceed on appeal without payment of costs and fees is granted.  The judgment of the United States District Court for the District of Colorado is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Wade Brorby
Circuit Judge