591 P.2d 1039 (1978)
Linda Lea SHEPHERD, Plaintiff-Appellant,
v.
Gwendolyn J. WILHELM, Defendant-Appellee.
No. 77-805.
Colorado Court of Appeals, Div. II.
October 12, 1978.
Rehearing Denied November 16, 1978.
Certiorari Denied March 5, 1979.
*1040 Branney & Griffith, Thomas J. Tomazin, Englewood, for plaintiff-appellant.
Burnett, Horan & Hilgers, William P. Horan, Denver, for defendant-appellee.
ENOCH, Judge.
Plaintiff appeals from a judgment of the trial court awarding her interest on a judgment for damages from the date of filing the amended complaint joining defendant, instead of from the date of filing the original complaint, some seven months earlier. We affirm.
This case arises from an automobile collision in which plaintiff was injured and defendant's husband, the driver of the other car, was killed. Plaintiff requested the *1041 Probate Court to appoint Earl L. Dazey as administrator of the decedent's estate and then named the administrator as defendant in the original complaint in this action. In his answer, the administrator alleged that his appointment was barred by the non-claim statute then in effect requiring the appointment of an administrator within one year of decedent's death. The trial court deferred to the Probate Court which subsequently vacated the appointment. Plaintiff, in the meantime, filed an amended complaint naming Gwendolyn Wilhelm, wife of the deceased, as defendant, with an additional claim for relief under a theory of vicarious liability. The trial court then dismissed the case as to the administrator, and the matter proceeded to trial on the amended complaint, resulting in a jury verdict for plaintiff.
Plaintiff first contends that since § 13-21-101, C.R.S.1973 (1976 Cum.Supp.), directs that interest on damages must be computed from the date the suit was filed, interest in this case must be computed from the date she filed suit against the administrator. We disagree.
Under the statute, a judgment for damages in a personal injury action is to include an award of interest from the date of filing of the complaint if interest is requested in the complaint. Houser v. Eckhardt, 35 Colo.App. 155, 532 P.2d 54 (1974), aff'd sub nom., Security Insurance Co. v. Houser, Colo., 552 P.2d 308 (1976); Clark v. Hicks, 127 Colo. 25, 252 P.2d 1067 (1953). Because an award of interest is in derogation of the common law, however, this statute must be strictly construed. City of Boulder v. Stewardson, 67 Colo. 582, 189 P. 1 (1920). There is no provision in the statute for interest from the date of the original complaint against a defendant who is named for the first time in a subsequent amended complaint. Therefore plaintiff cannot rely on the statute to support her contention.
Plaintiff argues, however, that interest should be awarded from the date the first complaint was filed because the amended complaint relates back to the filing of the original complaint under C.R.C.P. 15(c). We need not decide whether Rule 15(c) can properly be used to increase the amount of prejudgment interest recoverable, because plaintiff has failed to show that the requirements for relation back under Rule 15(c) have been met.
Although there are no Colorado decisions on this issue, cases discussing the prototypical Federal Rule 15(c) indicate that the Rule was designed primarily to ease procedural problems when a statute of limitations poses a technical, though not a substantive, bar to maintaining suit. Archuleta v. Duffy's, Inc., 471 F.2d 33 (10 Cir. 1973). 3 Moore's Federal Practice 15.15[2], at 15-190 (2d ed. 1978). Pleadings may be freely amended under the Rule; however, the addition of new parties is more restrictive so that the purpose of the statute of limitations is not defeated. Graves v. General Insurance Corp., 412 F.2d 583 (10th Cir. 1969). 3 Moore's Federal Practice 15.15[4.1], at 15-211 (2d ed. 1978).
Under C.R.C.P. 15(c) when an amendment changes the party against whom a claim is asserted, the relation back doctrine applies only if (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the complaint; and if, within the period of the statute of limitations, (2) the party received such notice of the action that he will not be prejudiced in maintaining his defense on the merits, and (3) the party knew or should have known that but for a mistake concerning the identity of the proper party the action would have been brought against him.
In this case the trial court found that although defendant may have known of the initiation of the action against the administrator of her husband's estate, there was no evidence that she received such notice that she would not be prejudiced in maintaining a defense against the new cause of action asserted against her. Plaintiff also did not show, nor could she show on the basis of the record, that defendant knew or should have known that but for a *1042 mistake concerning the identity of the proper party, the action would have been brought against her. Here there was no mistake concerning the identity of the proper party in the first action. Earl L. Dazey as administrator of the estate of the deceased would have been a proper party but for running of the statute of limitations. There was no claim of mistaken filing; instead plaintiff's first complaint which omitted defendant may have been a strategic choice to sue one party and not the other. See, e. g., King & King Enterprises v. Champlin Petroleum Co., 446 F.Supp. 906 (E.D.Okl., 1978). See also Archuleta v. Duffy's, Inc., supra.
Because the statute governing the assessment of interest on damages must be strictly construed, and because plaintiff has failed to show that the requirements for relation back under C.R.C.P. 15(c) have been met, we hold that, under the circumstances present here, the trial court correctly assessed interest on the damages from the time of filing the amended complaint.
Judgment affirmed.
KELLY and STERNBERG, JJ., concur.