Marthena A. SPIKER,
Plaintiff-Appellant,

v.

Floyd HOOGEBOOM and Luke Hooge-
boom d/b/a Hoogeboom Construction
Co., Defendants-Appellees,

and

Water Proofing Service Co., a Colorado
Corporation, Defendant.

No. 80CA0677.

Colorado Court of Appeals,
Div. II.

April 9, 1981.

Spurgeon, Haney & Howbert, P. C., Gregory R. Piché, Colorado Springs, for plaintiff-appellant.

Rector, Retherford, Mullen & Johnson, Jerry A. Retherford, Michael R. Waters, Colorado Springs, for defendants-appellees.

KELLY, Judge.

Plaintiff, Marthena A. Spiker, appeals the summary judgment granted in favor of defendants, Floyd Hoogeboom and Luke Hoogeboom, which dismissed them from the case. She argues that the trial court erred in holding that the substitution of the Hoogebooms as defendants after the running of the statute of limitations did not relate back to the date of the filing of the complaint under C.R.C.P. 15(c). We agree and thus reverse.

In April 1972, plaintiff and her late husband purchased a custom-built home from Hoogeboom Construction Co. In February 1973, they became aware of alleged structural defects. On October 24, 1978, plaintiff and her late husband brought an action against Hoogeboom Construction Co., a Colorado corporation, seeking damages alleging negligence and breach of warranty of habitability. The next day Floyd Hoogeboom, as president of the corporation, was personally served with a copy of the summons and complaint. The defendant corporation filed an answer denying negligence and breach of warranty and admitting that the plaintiff's home was purchased from it. On December 4, 1978, during the deposition of Floyd Hoogeboom, plaintiff was informed by Hoogeboom that the corporation had not been formed until December 1975, and that prior to that, Hoogeboom Construction Co. had been operating as a partnership.

On March 5, 1979, plaintiff filed a motion to substitute the individual partners for the corporate defendant. At the pretrial conference on July 27, 1979, the trial court granted the motion.

In April 1980, defendants filed a motion for summary judgment seeking dismissal based upon the failure of plaintiff to substitute the individual partners for the corporate defendant within the period prescribed by the applicable statute of limitations. The trial court granted the motion finding that the applicable statute of limitations had run prior to the substitution of the parties and that there was no relation back under C.R.C.P. 15(c).

The issue before us is whether, under these circumstances, relation back under C.R.C.P. 15(c) should be allowed. We hold that it should.

C.R.C.P. 15(c), patterned after Fed. R.Civ.P. 15(c), states three requirements: (1) the amended complaint must arise out of the same transaction or conduct set forth in the original proceeding; (2) the substituted party must receive such notice of the action within the period allowed by the applicable statute of limitations that he would not suffer prejudice; and (3) the substituted party knew or should have known that the action would have been brought against him if the plaintiff had not made a mistake concerning the identity of the proper party. Notice is the essence of C.R.C.P. 15(c). *Staren v. American National Bank & Trust Co.*, 529 F.2d 1257 (7th Cir. 1976); *Travelers*

*Insurance Co. v. Gasper* (No. 78–191, announced March 19, 1981); 6 *C. Wright & A. Miller, Federal Practice & Procedure* § 1499 at 522 (1971).

New parties may be added or substituted in an action "when the new and old parties have such an identity of interests that it can be assumed, or proved, that relation back is not prejudicial." 3 *Moore's Federal Practice* ¶ 15.15(4.–1) at 15–215 through 15–220 (2d ed. 1980); *Travelers Indemnity Co. v. United States ex rel. Construction Specialties Co.*, 382 F.2d 103 (10th Cir. 1967); *Staren v. American National Bank & Trust Co., supra.*

"[T]he purpose of the federal rules [is not] furthered by denying the addition of a party who has a close identity of interest with the old party when the added party will not be prejudiced. The ends of justice are not served when forfeiture of just claims because of technical rules is allowed." *Travelers Indemnity Co., supra*, 382 F.2d at 106.

Identity of interest means that the parties are "so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of litigation to the other." 6 *Wright & Miller, supra*, at 517. Such an identity of interest exists between past and present forms of the same enterprise. 6 *Wright & Miller, supra*, at 519; *Milner v. National School of Health Technology*, 73 F.R.D. 628 (E.D.Pa.1977); *Adams v. Beland Realty Corp.*, 187 F.Supp. 680 (E.D.N.Y.1960); *see also Wynne v. United States ex rel. Mid-States Waterproofing Co.*, 382 F.2d 699 (10th Cir. 1967).

Here, there is sufficient identity of interest between the corporation and the partnership to demonstrate that the partnership would not be prejudiced in being substituted for the corporation as defendant. The Hoogebooms were the sole partners in the Hoogeboom Construction Co. and are shareholders in the same business enterprise which was incorporated under the same name. In fact, after the incorporation, Floyd Hoogeboom continued to make repairs on plaintiff's home. More-

over, service was made on a partner, albeit in his position as president of the corporation. Notice to a partner serves as notice to the partnership. Section 7–60–112, C.R.S. 1973; *Lee v. Durango Music*, 144 Colo. 270, 355 P.2d 1083 (1960); *see also Adams v. Beland Realty Corp., supra.*

In addition, defendants misled plaintiff into thinking that the corporation was the proper party by admitting in the answer that the corporation sold the house to plaintiff. They cannot, therefore, complain of the late substitution.

"If the originally named defendant or the party sought to be added either knowingly allows plaintiff to think he has sued the proper party or actually misleads him as to identity of the party that should be held responsible, the new defendant will be estopped from asserting a statute of limitations defense." 6 *Wright & Miller, supra*, § 1500 at 522.

*See also Travelers Indemnity Co. v. United States, supra.*

The cases cited by the trial court in its order are distinguishable. In *Archuleta v. Duffy's, Inc.*, 471 F.2d 33 (10th Cir. 1973) and *Simmons v. Fenton*, 480 F.2d 133 (7th Cir. 1973), the original party was served after the running of the statute of limitations, and therefore, the substituted parties did not have timely notice as required by the rule. Moreover, *Shepherd v. Wilhelm*, 41 Colo.App. 403, 591 P.2d 1039 (1979), cited by defendants, does not mandate a different result because in that case there was no mistake concerning the identity of the party in the first action.

Defendants urge us to affirm the trial court's granting of the summary judgment motion on the grounds that plaintiff delayed in substituting the parties until after the statute of limitations had run. Plaintiff had knowledge of the mistake two months prior to the running of the statute. Delay alone, without any specifically resulting prejudice or any obvious design to harass, is not sufficient to grant defendants' motion. *Adams v. Beland Realty Corp., supra; Davis v. Piper Aircraft Corp.*, 615

F.2d 606 (4th Cir. 1980). This is true especially in light of the fact that defendants misled the plaintiff.

Accordingly, the judgment is reversed and the cause is remanded for further proceedings.

PIERCE and VAN CISE, JJ., concur.