Glenna Alberta BROWN, Marcie Joanne Brown and Amy Joyce Brown, Plaintiffs–Appellants,

v.

Isaac TEITELBAUM, M.D.; University Hospital at the University of Colorado Health Sciences Center, and its employees, servants and agents; University of Colorado Health Sciences Center, and its employees, servants and agents; Mark A. Sitarik, M.D., Paul A. Bunn, M.D., and G. Singh, M.D., Defendants–Appellees.

No. 90CA1838.

Colorado Court of Appeals, Div. I.

Nov. 7, 1991.

Rehearing Denied Dec. 5, 1991.

Certiorari Denied June 1, 1992.

* Sitting by assignment of the Chief Justice under provisions of the Colo.Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Burg & Eldredge, P.C., Scott J. Eldredge, Denver, for plaintiffs-appellants.

Hansen and Holmes, P.C., Robert W. Hansen, Judith H. Holmes, Denver, Joanne M. McDevitt, Associate University Counsel, Sp. Asst. Atty. Gen., Denver, for defendants-appellees.

Opinion by Chief Judge STERNBERG.

In this medical malpractice action, plaintiffs, Glenna Alberta Brown, Marcie Joanne Brown, and Amy Joyce Brown, appeal from the summary judgments dismissing their claims against defendants, Isaac Teitelbaum, M.D., University Hospital, University of Colorado Health Sciences Center, Mark A. Sitarik, M.D., Paul A. Bunn, M.D., and G. Singh, M.D. We affirm.

The amended complaint alleged that Glenna Alberta Brown was the surviving spouse of Forest Bradford Brown, Jr., deceased, and that the other two plaintiffs were his surviving minor daughters. It also alleged that the decedent was admitted to University Hospital on September 3, 1985; that he was given unreasonable quantities of a certain blood product on September 4, 1985, which caused numerous blood clots to develop throughout his body; that he developed a gangrenous right foot so that his right leg had to be amputated on September 9, 1985; that defendant Teitelbaum, a full-time employee of the Health Sciences Center, performed additional surgery on the decedent on September 13, 1985, which resulted in further injuries; and that the decedent died from the above injuries on September 17, 1985.

The claims for relief included negligence, breach of warranty, misrepresentation, fraud, intentional infliction of emotional distress, outrageous conduct, and deprivation of the decedent's civil rights under 42 U.S.C. § 1983 (1988). Plaintiffs sought both compensatory and punitive damages.

An answer was filed by Teitelbaum, University Hospital, and University of Colorado Health Sciences Center, asserting, as an affirmative defense, that the complaint was barred because of plaintiffs' failure to comply substantially with the provisions of the Colorado Governmental Immunity Act, § 24–10–101, et seq., C.R.S. (1988 Repl.Vol. 10A). The same defendants also filed a motion for summary judgment, with supporting brief, asserting that plaintiffs' claims were barred by their failure to comply with the notice provisions of § 24–10–109 and § 24–10–118, C.R.S. (1988 Repl. Vol. 10A) and their failure to state a claim pursuant to 42 U.S.C. § 1983. The trial court granted partial summary judgment in favor of defendants on Glenna Brown's individual claim, denied the motion as to the claims of the minor children, dismissed the claims under 42 U.S.C. § 1983, and entered summary judgment in favor of the University defendants on the punitive damages claim.

Subsequently, upon defendants' motion to reconsider and defendants' motion to strike the second amended complaint, the trial court dismissed all remaining claims.

### I.

Plaintiffs contend that the trial court erred in dismissing the claims of Glenna Brown for failure to file a timely notice of claim pursuant to § 24–10–109. Relying on *State v. Young*, 665 P.2d 108 (Colo.1983), they argue that she did not "discover" the basic facts underlying her claim until August 1987. We disagree.

In 1985, the notice provision of the Colorado Governmental Immunity Act required any person claiming to have suffered an injury by a public entity or public employee to file a written notice within 180 days after the date of the discovery of the injury. Colo.Sess.Laws 1979, ch. 219, § 24–10–

109(1) and § 24–10–118(1)(a) at 862–865. In addition, substantial compliance with the notice provision was a condition precedent to the commencement of any action under the Act.

Under the "discovery rule" then in effect, a claimant was entitled to a reasonable opportunity to discover the basic and material facts underlying a claim before being bound to give the statutory notice. *See State v. Young, supra.* Nevertheless, the notice provisions did not allow an aggrieved party to wait until all of the elements of the claim matured; rather, a plaintiff's knowledge of the claimed injuries and the potential action for damages started the 180–day notice period running. *Morrison v. City of Aurora,* 745 P.2d 1042 (Colo.App.1987).

Here, it was undisputed that Glenna Brown had retained counsel and obtained a set of defendants' medical records by December 1985 but filed no notice of claim until August 1987. Under these circumstances, we conclude that the trial court did not err in determining that plaintiff failed to give the statutory notice within 180 days after she had a reasonable opportunity to discover the basic and material facts underlying her claims against defendants.

### II.

Plaintiffs also contend that the trial court erred in dismissing the claims of the two minor children for failure to file a timely notice pursuant to § 24–10–109. In support of this contention, they argue that the time for filing the minors' notice should have been extended, pursuant to the tolling provisions of § 13–81–103(1)(a), C.R.S. (1987 Repl.Vol. 6A), until two years after the minors' legal representative was appointed. Again, we disagree.

Section 13–81–103(1)(a) provides that a legal representative shall be allowed not less than two years after his or her appointment to "take action" on behalf of a person under disability. Further, § 13–81–101(4), C.R.S. (1987 Repl.Vol. 6A) defines "take action" to include the bringing, com-

mencement, maintenance, or prosecution of any action, suit, or proceeding. Nevertheless, as previously noted, substantial compliance with the 180–day notice provision was a *condition precedent* to any "action" brought under the Governmental Immunity Act. *See* Colo.Sess.Laws 1979, ch. 219, § 24–10–109(1) at 862–863.

In *Antonopoulos v. Town of Telluride,* 187 Colo. 392, 532 P.2d 346 (1975), our supreme court stated that a disabled person, including a minor *without a legal representative,* was relieved from the statutory duty of giving notice of claim until the removal of the disability. However, the court added that, upon the termination of a disability, the notice requirement would begin to run as it would against any other claimant.

■ Here, the trial court ruled, and we agree, that, although the personal representative had two years from her appointment in which to initiate a cause of action upon the minors' claims, nothing in the tolling provisions of § 13–81–103 relieved her from the statutory duty to give the required notice within 180 days of her appointment, as a *condition precedent* to filing suit. It was undisputed that the children's legal representative was appointed on December 9, 1986, but the notice was not filed until August 24, 1987. Accordingly, because the notice was not filed within 180 days after the minor plaintiffs' disability had been removed by the appointment of the legal representative, the minors' claims were properly dismissed for lack of substantial compliance with § 24–10–109 and § 24–10–118.

### III.

Plaintiffs further contend that the trial court erred in dismissing their claims against Sitarik, Bunn, and Singh who were not named as defendants until May 12, 1989. In support of this contention, plaintiffs do not dispute that, by May 1989, the time provided by law for commencing an action against the defendants had expired. *See* Colo.Sess.Laws 1977, ch. 198, § 13–80–105(1) at 816; § 13–81–103(1)(a), C.R.S. (1987 Repl.Vol. 6A). Rather, they argue

that the amendment of their complaint "related back" to the date their original "John Doe" complaint was filed. Again, we disagree.

■ An amendment changing the party against whom a claim is asserted relates back to the date of the original pleading only if all the conditions of C.R.C.P. 15(c) are satisfied. As relevant here, C.R.C.P. 15(c) requires that:

*within the period provided by law for commencing the action against him,* the party to be brought in by amendment: (1) Has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. (emphasis supplied)

Here, it was undisputed that plaintiffs' motion to name Sitarik, Bunn, and Singh as defendants was not made until May 12, 1989. Further, the record contains uncontested affidavits from Sitarik and Bunn stating that they had no notice or knowledge of the pending action before May 1989. Accordingly, because it is undisputed that these defendants were not named as parties within the period provided by law for commencing the action against them, the trial court did not err in dismissing these claims. *See Dillingham v. Greeley Publishing Co.,* 701 P.2d 27 (Colo. 1985).

### IV.

Plaintiffs rely on *Espinoza v. O'Dell,* 633 P.2d 455 (Colo.1981) for their final contention that the trial court erred in dismissing the claims for alleged deprivation of the decedent's constitutional rights based upon 42 U.S.C. § 1983. Again, we disagree.

■ Ordinarily, one cannot sue for relief over the deprivation of another's civil rights. *Espinoza v. O'Dell, supra.* Further, a genuine issue of material fact cannot be raised simply by allegations of pleadings or argument of counsel. Rather, in response to a motion for summary judg-

ment, an adverse party must by affidavit or otherwise set forth specific facts showing there is a genuine issue for trial. C.R.C.P. 56(e); *Reisig v. Resolution Trust Corp.,* 806 P.2d 397 (Colo.App.1991).

In *Espinoza* the plaintiffs included the decedent's personal representative, acting *on behalf of the estate,* and the decedent's children, on the basis of their *own* constitutional liberty interests.

 Here, however, it is undisputed that Glenna Brown was not acting on behalf of the estate as the decedent's personal representative and that none of the plaintiffs asserted any deprivations of their own constitutional rights. Further, in response to defendants' motion for summary judgment, plaintiffs offered no affidavits or other facts in support of the constitutional deprivation claims. Accordingly, the trial court did not err in dismissing the claims for alleged deprivation of the decedent's constitutional rights.

Judgment affirmed.

PIERCE and SMITH, JJ., concur.