Kathryn ROSE, Plaintiff–Appellant,

v.

CITY AND COUNTY OF DENVER, a municipal corporation, and D.R. Savage, Defendants–Appellees.

No. 97CA1683.

Colorado Court of Appeals,
Div. IV.

June 10, 1999.

Certiorari Denied Dec. 20, 1999.

Halaby Cross Liechty & Schluter, Theodore S. Halaby, Leslie L. Schluter, Denver, Colorado; Bruno, Bruno & Colin, P.C., Louis B. Bruno, R. Stephen Hall, Christina M. Habas, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge RULAND.

Plaintiff, Kathryn Rose, appeals from the judgment entered dismissing her complaint against defendants, the City and County of Denver and D.R. Savage, a police officer employed by the city. Plaintiff also appeals from the order denying her motion to add Sergeant Richard Mahoney as a defendant. Finally, she appeals the award of attorney fees to Officer Savage. We affirm in part, vacate in part, and remand for further proceedings.

## I.

Plaintiff first contends that the trial court erred in granting the defense motion for a directed verdict on her 42 U.S.C. § 1983 (1994) claim. This claim was based upon the Fourth and Fourteenth Amendments and asserted malicious prosecution against Officer Savage for plaintiff's arrest upon the charge of disturbing the peace. We are not persuaded.

### A.

At trial, plaintiff maintained generally that the arrest violated her due process rights under the Fourth and Fourteenth Amendments. However, here, plaintiff also argues a violation of her First Amendment right to petition for redress of grievances. Because this is a separate and independent constitutional argument that was not raised in response to the officer's motion for directed verdict, we decline to address it for the first time on appeal. *See People v. Oynes*, 920 P.2d 880 (Colo.App.1996).

### B.

With reference to her claim predicated upon malicious prosecution, plaintiff argues

Barry D. Roseman, Denver, Colorado, for Plaintiff–Appellant.

that the trial court erred in finding that probable cause existed as a matter of law for her arrest by Officer Savage on the charge of disturbing the peace. We disagree.

■ Because a directed verdict was granted at the close of plaintiff's evidence, we must construe the evidence and all legitimate inferences from that evidence in a light most favorable to her. *See Fair v. Red Lion Inn,* 943 P.2d 431 (Colo.1997). When viewed in this context, if the evidence will not support a verdict in favor of plaintiff, we must affirm the trial court's ruling. *See Huntoon v. TCI Cablevision of Colorado, Inc.,* 969 P.2d 681 (Colo.1998).

As pertinent here, the relevant ordinance provides:

> It shall be unlawful for any person to disturb or tend to disturb the peace of others, by violent, tumultuous, offensive, or *obstreperous conduct* .... (emphasis supplied)

The parties agree that, to maintain her claim under 42 U.S.C. § 1983, plaintiff had the burden to prove that Officer Savage lacked probable cause for her arrest. And, the facts relevant to that arrest are not in dispute.

A tree cutting crew was working in an area between the sidewalk and the curb in front of plaintiff's residence. The crew was there to trim one tree and remove another pursuant to a contract with the city. Because of the size of the trees, a truck with a bucket and crane device was in use. Plaintiff had been notified that she would be charged for the cost of this work.

Four officers, including Sergeant Mahoney and Officer Savage, arrived at the scene in response to a call for assistance. The sergeant interviewed the foreperson of the tree cutting crew and the plaintiff. He then directed Officer Savage to issue a complaint for disturbing the peace and to arrest plaintiff.

In conjunction with completing the complaint form, Officer Savage also interviewed the foreperson. Plaintiff's conduct was de-scribed as having been stubbornly defiant in response to requests to get out from under the tree. The officer was also told that plaintiff was repeatedly interfering with the crew's work by taking photographs next to the tree. According to the foreperson, the crew could not safely proceed with its work during the time that plaintiff was taking photographs.

The foreperson stated that he had called the police three times for assistance. At Officer Savage's request, the foreperson signed the complaint. In addition, plaintiff conceded that she told a police officer she intended to continue her actions and would not stop "unless physically prevented from doing so."

■ "Obstreperous" conduct may include stubborn defiance. *See Webster's Third New International Dictionary* 1559 (1986). In addition, a breach of the peace may result from an act of stubborn defiance causing consternation and alarm to others. *See Flores v. City & County of Denver,* 122 Colo. 71, 220 P.2d 373 (1950); *see also U.S. v. Kessler,* 213 F.2d 53 (3rd Cir.1954) (breach of the peace may result from any act causing consternation and alarm to others and thus disturbing the peace and quiet of the community).

■ Applying these definitions here, we conclude that, if plaintiff persisted in conduct that alarmed the tree crew and prevented them from pursuing an activity in a safe manner that plaintiff knew was lawful and authorized, then her conduct may be properly characterized as a breach of the peace.

■ Contrary to plaintiff's contention, there is no requirement in the ordinance that the obstreperous conduct be accompanied by either loud or profane language or the threat of violence. And, there is no contention that the ordinance is unconstitutional.

■ Finally, under the circumstances outlined above, we agree with the trial court's conclusion that the knowledge possessed by

Officer Savage at the time of the arrest was sufficient as a matter of law for a reasonable police officer to believe that there was probable cause to arrest plaintiff for disturbing the peace. *See People v. Villiard,* 679 P.2d 593 (Colo.1984) (an officer has probable cause to make an arrest if the facts and circumstances within the officer's knowledge or upon which the officer has reasonably trustworthy information indicate that a crime has been committed); *People v. Washington,* 865 P.2d 145 (Colo.1994) (probable cause deals with probabilities, not certainties); *see also People v. Hazelhurst,* 662 P.2d 1081 (Colo.1983) (discussing fellow officer rule).

## II.

Plaintiff was confined for a few hours following her arrest. Plaintiff next asserts that the trial court erred in granting summary judgment dismissing her state law claim for false imprisonment under the Governmental Immunity Act, § 24–10–106, C.R.S.1998 (GIA). We disagree.

■ As plaintiff correctly notes, sovereign immunity is waived in an action for injuries resulting from a public entity's "operation" of any correctional facility, and it is undisputed that plaintiff was confined in a detention center for a few hours. Section 24–10–106(1)(b), C.R.S.1998. However, as noted, Officer Savage had probable cause to arrest plaintiff. Hence, there was no false imprisonment. *See Goodboe v. Gabriella,* 663 P.2d 1051 (Colo.App.1983) (if legal justification exists for an arrest, there can be no false arrest or false imprisonment). Accordingly, without addressing whether false imprisonment may result from the operation of a correctional facility, we concur with the court's ruling.

## III.

Plaintiff next contends that the trial court erred in its failure to apply the relation-back doctrine to her motion to join Sergeant Mahoney as a defendant. Plaintiff relies upon the relation-back doctrine in order to avoid the one-year statute of limitations applicable to the claims against Mahoney. We are not persuaded.

The city filed a complaint in 1993 in the county court seeking to recover the costs incurred for the tree cutting activities. Plaintiff filed a timely answer and a motion to add counterclaims at a later time against the city only. No counterclaim was filed until 1995, shortly after plaintiff filed her district court complaint. And, the pending motion in the county court was never ruled upon by that court.

■ Pursuant to C.R.C.P. 15(c), pleadings which are amended to reflect a change in parties to an action may relate back to the filing date of the original filing. However, as is relevant here, the sergeant must have received notice of the institution of plaintiff's lawsuit during the period allowed for commencement of the action. *See Brown v. Teitelbaum,* 830 P.2d 1081 (Colo.App.1991). That requirement was not met in this case.

Specifically, the sergeant submitted an affidavit stating that he received no notice of the existence of a lawsuit until January 1996, and he did not receive and had never seen plaintiff's notice of intent to sue under the GIA. *See* § 24–10–109, C.R.S.1998. Accordingly, that filing was time barred.

Thus, the trial court did not err in denying plaintiff's motion to apply the relation-back doctrine. *See Brown v. Teitelbaum, supra.*

## IV.

Relying upon cases such as *Banco Para El Comercio Exterior De Cuba v. First National City Bank,* 744 F.2d 237 (2d Cir.1984), plaintiff contends that her other state tort claims against Officer Savage should not have been dismissed as time barred. According to plaintiff, these claims should relate back to the date she filed her answer in the county court because the officer was included by name in the notice sent pursuant to the GIA. We are not persuaded.

■ The *Banco* court held that the amendment to an answer to include an omit-

ted counterclaim pursuant to the federal counterpart of C.R.C.P. 13(f) should relate back to the date the original counterclaim was filed pursuant to C.R.C.P. 15. However, the court noted and C.R.C.P. 13(f) expressly requires that permission of court be obtained. That requirement was not satisfied in this case. *See* C.R.C.P. 13(c) & C.R.C.P. 15. Hence, we find no error in the court's ruling.

## V.

 We agree with plaintiff's final contention that the trial court erred in awarding the officer attorney fees under § 24–10–110(5)(c), C.R.S.1998. This statute requires the court to award attorney fees if plaintiff fails to establish that the conduct of the officer was willful and wanton.

After the trial court ruled in this case, our supreme court announced *State v. Golden's Concrete Co.*, 962 P.2d 919 (Colo.1998). There, the court held that the award of attorney fees to a prevailing defendant in a 42 U.S.C. § 1983 claim is governed by the federal standards contained in 42 U.S.C. § 1988. Under the federal standard, the officer may recover fees only upon a finding that plaintiff's action was frivolous, unreasonable, or without foundation. *See State v. Golden's Concrete Co., supra.*

Here, the officer premised his claim for fees on both the statute and § 1988. Because the court determined that a state statutory award was applicable, it found it unnecessary to address the claim for fees under § 1988.

Therefore, the award cannot stand, and the issue must be remanded for a determination on the officer's entitlement to fees under the federal standard.

The judgment dismissing plaintiff's claims is affirmed. The order awarding fees is vacated and the cause remanded for further proceedings consistent with the views expressed in this opinion.

Judge BRIGGS and Judge KAPELKE concur.