Shelley C. WILLIAMSON,
Plaintiff–Appellant,

v.

Andrew C. WILLIAMSON,
Defendant–Appellee.

No. 00CA0723.

Colorado Court of Appeals,
Div. I.

July 19, 2001.

Rehearing Denied Aug. 16, 2001.

Certiorari Denied Feb. 11, 2002.

Davis Graham & Stubbs LLP, Dale R. Harris, Geoffrey H. Simon, Litvak Litvak Mehrtens & Epstein, P.C., W. Troy Romero, Denver, CO, for Plaintiff–Appellant.

John H. Lonnquist, P.C., John H. Lonnquist, Denver, CO, for Defendant–Appellee.

Opinion by Judge DAVIDSON.

Plaintiff, Shelley C. Williamson (mother), appeals from the judgment dismissing the complaint against her ex-husband, defendant, Andrew C. Williamson (father), for lack of subject matter jurisdiction. We reverse and remand for further proceedings.

The following facts are not in dispute. In August 1995, the parties, while residing in Canada, entered into a comprehensive separation agreement ("agreement"). The agreement provided, in relevant part, that father would pay mother monthly child support as well as additional child support in "an amount equal to ⅓ of the after tax bonus" father received from his employer.

After mother executed the agreement, she and the parties' two children moved to Colorado. Father moved to Texas and filed a dissolution action there. The Texas court determined that it lacked jurisdiction to consider issues pertaining to custody, visitation, and support of the parties' children and entered a dissolution decree incorporating the remaining portions of the parties' agreement.

Thereafter, mother commenced this action in Colorado, asserting that father had breached the agreement by failing to make the child support payments based upon his annual bonus.

Father filed a motion to dismiss asserting that, because mother's claim pertained to child support, she was required to proceed under the Uniform Dissolution of Marriage Act (UDMA). The trial court agreed with father and dismissed the action for lack of subject matter jurisdiction. Mother then commenced this appeal.

Mother contends that the trial court erred in dismissing the action for lack of subject matter jurisdiction. We agree.

■■■■ Subject matter jurisdiction concerns a court's authority to deal with the class of cases in which it renders judgment. *Dallas Creek Water Co. v. Huey*, 933 P.2d 27 (Colo.1997). A court has jurisdiction over the subject matter if the case is one of the types of cases that the court has been empowered to entertain by the sovereign from which the court derives its authority. *Paine, Webber, Jackson & Curtis, Inc. v. Adams*, 718 P.2d 508 (Colo.1986).

■■■ Here, the Colorado Constitution invests the district courts with general subject matter jurisdiction in civil cases. *See* Colo. Const. art. VI, § 9. This jurisdiction clearly extends to mother's action for breach of the child support provisions set forth in the parties' agreement, as well as actions under the UDMA.

To the extent the trial court determined that it lacked subject matter jurisdiction over child support issues because it was sitting in a general civil division of the district court, this was incorrect. The Colorado Constitution authorizes the establishment of separate divisions in district courts. *See* Colo. Const. art. VI, § 10; *see also* § 13–5–133(2)(b), C.R.S.2000 (subject to approval of chief justice of the supreme court, district courts sitting en banc may make rules to provide for classification, arrangement, and distribution of the business of the court among the several judges thereof). However, such divisions are not jurisdictional in nature but merely serve the administrative convenience of the court. *See* Colo. Const. art. VI, § 9; § 13–5–133(2)(b); *see also* Chief Justice Directive 95–01(2), (7); *Nemeth v. Banhalmi*, 125 Ill. App.3d 938, 81 Ill.Dec. 175, 466 N.E.2d 977 (1984)(although circuit court was comprised of several divisions, those divisions were for administrative convenience and were not jurisdictional in nature).

Because the issue is likely to arise on remand, we note that, contrary to father's contention, § 14–10–112(5), C.R.S.2000, which provides that the terms of an agreement incorporated into a dissolution decree are not enforceable as contract terms, is inapplicable here. The child support provisions at issue were not incorporated nor merged into the Texas decree. Therefore, at this juncture, those provisions remain enforceable as contract terms. *Cf. In re C.G.G.*, 946 P.2d 603 (Colo.App.1997). At the same time, however, father is entitled to raise any other defenses to mother's complaint that he deems appropriate on remand.

The judgment dismissing mother's complaint for lack of subject matter jurisdiction is reversed, and the case is remanded for further proceedings consistent with the views expressed in this opinion.

METZGER and ROY, JJ., concur.