In re the MARRIAGE OF Nancy S. ORR, Petitioner–Appellant, and Cross–Appellee,

and

Dundas S. Orr, Jr., Respondent–Appellee and Cross–Appellant.

No. 00CA1401.

Colorado Court of Appeals, Div. I.

Sept. 27, 2001.

Warren & Mundt, P.C., Robert B. Warren, Colorado Springs, CO, for Petitioner–Appellant and Cross–Appellee.

William L. Carew, Colorado Springs, CO, for Respondent–Appellee and Cross–Appellant.

Opinion by Judge DAVIDSON.

Nancy S. Orr (wife) appeals and Dundas S. Orr, Jr. (husband) cross-appeals from the judgment interpreting and enforcing the provisions of a Texas decree and separation agreement. Because we conclude that, when the judgment was entered, the trial court did not have subject matter jurisdiction over the foreign decree, we vacate the judgment and remand.

In the trial court, wife originally attached a copy of the Texas decree to her petition seeking enforcement of the parties' agreement. Although the document had a copy of the court seal, it did not bear the necessary attestation of an exemplified copy. Furthermore, wife did not file any of the remaining exemplified documents that constitute the judgment roll.

In her brief on appeal, wife stated that, although she had previously been unsuccessful in her attempts to obtain the necessary exemplified documents, she had received and filed them in district court during the pendency of this appeal. Although husband does not dispute that all the relevant documents have now been properly docketed, wife's new filing is not a part of the record on appeal, and the trial court has made no ruling on the issue.

Husband contends that wife's initial failure to comply with the statutory requirement in § 14–11–101(1), C.R.S.2001, to attach exemplified copies of the Texas file deprived the trial court of subject matter jurisdiction to enforce the parties' Texas agreement at the time the order was issued. We agree.

Section 14–11–101(1) sets forth the requirements for a court to obtain subject matter jurisdiction over a foreign decree. *In re C.G.G.*, 946 P.2d 603 (Colo.App.1997). Specifically, as relevant here, § 14–11–101(1) provides:

Upon the docketing *in a court of competent jurisdiction* in this state of exemplified copies of all the written pleadings and court orders, judgments, and decrees in a case of divorce ... entered in any court of competent jurisdiction in any other state or jurisdiction having reciprocal [enforcement] provisions ... and upon obtaining [personal] jurisdiction ... said court in this state *shall have jurisdiction* over the subject matter and of the person in like manner as if the original suit or action had been commenced in this state....

(Emphasis added.)

The quoted portion of the statute thus refers to jurisdiction in two ways. First, the court must be one of "competent

jurisdiction," meaning the court must have jurisdiction over the subject matter. *See Restatement (Second) of Judgments* § 11, cmt. a (1982)(the provisions of law investing a court with authority to adjudicate a type of controversy are referred to as rules of "competency" or "competence"). Subject matter includes, as pertinent here, the enforcement of marital dissolution decrees. *See* § 14–11–101(1). The trial court clearly is of competent jurisdiction to enforce a separation agreement set forth in a decree of dissolution under § 14–10–112, C.R.S.2001. *See also* Colo. Const. art. IV, § 9(1).

Second, according to § 14–11–101(1), if, as here, the trial court is a court of competent jurisdiction, then, upon the docketing of exemplified copies, that court obtains subject matter jurisdiction over a foreign decree. *See In re C.G.G., supra* (court remanded for determination of whether documents met requirements of § 14–11–101(1)).

Wife argues that the statutory requirement that exemplified copies be filed is a procedural requirement that does not implicate subject matter jurisdiction. We disagree.

Subject matter jurisdiction concerns the court's authority to deal with the class of cases in which it renders judgment. *In re Marriage of Stroud,* 631 P.2d 168, 170–71 (Colo.1981). A court has jurisdiction of the subject matter if the case is one of the types of cases that the court has been empowered to entertain by the sovereign from which the court derives its authority. *Paine, Webber, Jackson & Curtis, Inc. v. Adams,* 718 P.2d 508 (Colo.1986); *Williamson v. Williamson,* 39 P.3d 1199 (Colo.App.2001). However, it is not sufficient that the court has, in the abstract, the authority to decide the particular class of case that is before it. The court's authority must be properly invoked before it can act. *In re Marriage of Stroud, supra.*

Although failure to comply with a statutory procedure or requirement does not necessarily equate to failure of subject matter jurisdiction, *see Municipal Subdistrict, Northern Colorado Water Conservancy Dist.*

*v. Getty Oil Exploration Co.,* 997 P.2d 557 (Colo.2000), here, the plain language of the statute indicates that the General Assembly intended that the filing of exemplified copies of all the enumerated pleadings and other documents be required to confer subject matter jurisdiction over a foreign decree. *In re C.G.G., supra; In re Marriage of Ness,* 759 P.2d 844 (Colo.App.1988). If the proper filings are not made, the court does not acquire subject matter jurisdiction. *See People in Interest of Clinton,* 762 P.2d 1381 (Colo. 1988).

Wife argues that, nevertheless, the defect was retroactively cured by her late filing of the proper documents with the court. We disagree. If an unfulfilled statutory requirement implicates the court's actual subject matter jurisdiction, no attempt to cure the defect will retroactively create jurisdiction, because the court would have been entirely without power to entertain any aspect of the claim until the requirement was fulfilled. *See City of Boulder v. Public Serv. Co. of Colorado,* 996 P.2d 198 (Colo.App. 1999); *see also People in Interest of Lloyd–Pellman,* 844 P.2d 1309, 1312 (Colo.App.1992) (to allow curing of jurisdictional defect would render express statutory provisions a nullity); *cf. Denver Water Dep. Credit Union v. Estate of Ongaro,* 998 P.2d 1097, 1103 (Colo. 2000). Accordingly, because the trial court did not have subject matter jurisdiction over the Texas decree when it entered its judgment, that judgment is void, notwithstanding wife's subsequent filings.

However, if wife's new filing was proper, the trial court would have obtained subject matter jurisdiction at the time of that new filing. Therefore, because wife asserts that she has now filed the proper documents, we remand the case to the trial court to consider whether the requirements of § 14–11–101(1) have now been met and, accordingly, whether the court has now acquired jurisdiction to proceed. If the trial court determines that it now has subject matter jurisdiction, it may, at its discretion, reconsider the evidence or conduct further proceedings, and enter appropriate orders.

The judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.

METZGER and ROY, JJ., concur.