David H. CURRIER and Heather S. Schultz, Plaintiffs–Appellants,

v.

Michael SUTHERLAND, special administrator of the Estate of Eloy Lopez; Estate of Eloy Lopez; and State Farm Mutual Automobile Insurance Company, Defendants–Appellees.

No. 07CA1263.

Colorado Court of Appeals, Div. III.

June 12, 2008.

Stone and Rosen, P.C., Andrew Rosen, Boulder, Colorado, for Plaintiffs–Appellants.

Bayer & Carey, P.C., Gary L. Palumbo, Peter M. Spiessbach, Denver, Colorado, for Defendants–Appellees Michael Sutherland and Estate of Eloy Lopez.

Levy Morse & Wheeler, P.C., Marc R. Levy, Joshua O. Gregory, Englewood, Colorado, for Defendant–Appellee State Farm Mutual Automobile Insurance Company.

Opinion by Chief Judge DAVIDSON.

In this personal injury action, plaintiffs, David H. Currier and Heather S. Schultz, appeal from the trial court's judgment dismissing with prejudice for failure to file within the applicable statute of limitations their personal injury complaint against defendants, Michael Sutherland, special administrator of the Estate of Eloy Lopez; the Estate of Eloy Lopez; and State Farm Mutual Automobile Insurance Company. The primary question presented is whether a trial court has subject matter jurisdiction so as to allow the filing of an amended complaint even when, at the time of the filing of the original complaint, the named defendant was deceased. We conclude that it does, and in doing so, we disagree with *Jenkins v. Estate of Thomas*, 800 P.2d 1358 (Colo.App.1990), and decline to follow it. However, because we also conclude that the amended complaint was untimely filed and did not relate back pursuant to C.R.C.P. 15(c), we agree with the trial court's dismissal for failure to comply with the statute of limitations, and, therefore, we affirm.

On August 15, 2002, plaintiffs were injured when they were riding their bicycles and were struck by a motor vehicle driven by the decedent, Eloy Lopez. On August 11, 2005, just four days prior to the expiration of the three-year statute of limitations, plaintiffs brought this action naming Lopez as the sole defendant. However, Lopez had died on January 17, 2005, almost seven months before plaintiffs filed suit. Plaintiffs first learned of this fact on November 18, 2005, while attempting to effectuate service. At that time, the three-year statute of limitations applicable to plaintiffs' claims had run.

Thereafter, plaintiffs petitioned for an estate to be opened for the decedent, and Michael Sutherland was appointed as special administrator for the Estate of Eloy Lopez. Plaintiffs then filed an amended complaint on March 6, 2006, naming the Estate of Eloy Lopez and State Farm, Lopez's automobile insurer at the time of the accident, as defendants. Subsequently, plaintiffs filed a second amended complaint which also named Sutherland as a defendant. Defendants moved for summary judgment on statute of limitations grounds.

In response, plaintiffs relied on section 13–80–111(1), C.R.S.2007, which states in rele-

vant part that an action timely filed but terminated for lack of subject matter jurisdiction may be refiled as a new action within ninety days after the termination of the original action. Plaintiffs did not dispute that the complaint was untimely filed but, citing the rule announced in *Jenkins,* asserted that it could be refiled as a new action because the trial court lacked subject matter jurisdiction. Thus, plaintiffs agreed with the dismissal, but argued that it should have been for lack of subject matter jurisdiction rather than on statute of limitations grounds.

The trial court rejected plaintiffs' argument. Because plaintiffs did not name these defendants within three years of the accident, the court concluded that plaintiffs' claims against them were barred by the applicable three-year statute of limitations set forth in section 13–80–101(1)(n)(I), C.R.S. 2007. The court refused to dismiss the case on jurisdictional grounds, finding that such an outcome "would result in a miscarriage of justice" because it would fail to recognize that the case was not timely filed against the present defendants. Plaintiffs then filed this appeal.

■ We review de novo a trial court's rulings on motions for summary judgment or dismissal on statute of limitations grounds. *See Morrison v. Goff,* 91 P.3d 1050, 1052 (Colo.2004); *Harrison v. Pinnacol Assurance,* 107 P.3d 969, 971 (Colo.App.2004); *see also Ashton Props., Ltd. v. Overton,* 107 P.3d 1014, 1017 (Colo.App.2004) (de novo review of a trial court's legal conclusions on a motion to dismiss for lack of subject matter jurisdiction). Based on somewhat different reasoning, we agree with the result reached by the trial court.

## I. Plaintiffs' Argument for Application of the Nullity Theory

■ It is not disputed that the revival provisions of section 13–80–111 permits the filing of a new complaint when an earlier complaint is dismissed for lack of subject matter jurisdiction. However, the statute does not apply when, as here, the earlier complaint has been dismissed with prejudice for failure to comply with the applicable statute of limitations. *See SMLL, L.L.C. v. Peak*

*Nat'l Bank,* 111 P.3d 563, 565 (Colo.App. 2005); *see also Broker House Int'l, Ltd. v. Bendelow,* 952 P.2d 860, 864 (Colo.App.1998).

In light of these limitations of the revival statute, plaintiffs urged the trial court and now contend on appeal that their action should have been dismissed for lack of subject matter jurisdiction rather than on statute of limitations grounds. Specifically, plaintiffs argue that, because Lopez was already deceased, the original complaint conferred no subject matter jurisdiction on the court and was a nullity. Consequently, plaintiffs contend that the trial court had no authority to allow the filing of their amended complaint and, therefore, they could file a new complaint within the allowable ninety-day window of section 13–80–111.

Under the nullity theory urged by plaintiffs, if a complaint named as the only defendant a non-existent person, the action was void ab initio. The rule apparently was based on language in an 1881 opinion which concluded that a court can acquire no subject matter jurisdiction until a party defendant is brought before it who actually or legally exists or is capable of being sued. *See Ash v. Guie,* 97 Pa. 493 (1881). The supportive reasoning was that if a defendant does not have the ability to be sued, there are no adversarial parties; therefore, no real case or controversy exists; and, consequently, the court lacks subject matter jurisdiction. *See, e.g., Bavel v. Cavaness,* 12 Ill.App.3d 633, 299 N.E.2d 435, 437–38 (1973) ("It is axiomatic that in order to have a civil suit in tort there must be a plaintiff and a defendant and it is likewise clear that the prime requisite as to parties, whether plaintiffs or defendants, is that they be either a natural or artificial person and that the capacity to be sued exists only in persons in being and not those who are dead or have not yet been born.").

Under this theory, because decedents are not legal entities capable of being sued, a complaint naming a decedent, ipso facto, confers no subject matter jurisdiction on the court. *See Vorhees v. Baltazar,* 283 Kan. 389, 153 P.3d 1227, 1232–33 (2007) (discussing nullity theory and its history). Furthermore, under this reasoning, the original

complaint could not initiate an action, and, therefore, a complaint naming a decedent could not be amended under C.R.C.P. 15 to add the decedent's estate as a defendant because there was nothing to amend or to which an amendment could relate back. *See Mercer v. Morgan,* 86 N.M. 711, 526 P.2d 1304, 1306 (App.1974) (amendment adding a duly appointed personal representative after the running of the statute of limitations did not relate back because there was no pending action to which it could relate).

■ In *Jenkins,* which involved substitution of parties under C.R.C.P. 25, a division of this court followed the nullity theory. The issue in *Jenkins* was whether the plaintiff could substitute the decedent's estate as a party defendant pursuant to the terms of C.R.C.P. 25 when the decedent had died prior to the filing of the lawsuit. In determining that the estate could not be substituted, the division properly concluded that substitution under C.R.C.P. 25 only applied when a named party dies during a pending action. However, the division also stated that, in order for a court to have subject matter jurisdiction, there must be a "true party," that is, a legal entity capable of suing or being sued. *Jenkins,* 800 P.2d at 1359. Thus, the division concluded that there was no legal entity named as a party defendant and, therefore, "no controversy between legal entities, . . . no subject matter to be litigated, and the court was without jurisdiction to proceed." *Id.*

No appellate decision in Colorado since *Jenkins* has squarely addressed the continuing viability of the nullity theory in the context of a complaint naming a defendant already deceased at the time of filing. We are aware that in *Defelice v. Johnson,* 931 P.2d 548, 550 (Colo.App.1996), a personal injury action similar in posture to the case here, another division of this court concluded that when a plaintiff names a defendant who had died prior to the action and no personal representative has been appointed, then there is no legal entity that can be named as defendant and, therefore, "no jurisdiction to proceed." However, although the division cited *Jenkins,* its analysis did not discuss or refer to subject matter jurisdiction. Equally

important, moreover, it did not treat the original complaint as a nullity. Indeed, the division proceeded without discussion to consider the question of whether, under C.R.C.P. 15(c), the plaintiff's amended complaint related back to the original complaint. *See Defelice,* 931 P.2d at 550.

## II. The Trial Court Had Subject Matter Jurisdiction to Allow Plaintiffs' Amended Complaint under C.R.C.P. 15(a)

We disagree with *Jenkins* and with plaintiffs' contention that when a complaint names only a defendant who is deceased, a trial court has no subject matter jurisdiction and the complaint is a nullity. We conclude that (1) the trial court here had subject matter jurisdiction and (2) naming a non-existent legal entity such as a decedent is an issue of capacity, not subject matter jurisdiction, and, therefore, the trial court properly exercised its jurisdiction when it allowed the filing of an amended complaint to name defendants with capacity.

### A. Plaintiffs' Original Complaint Invoked the Subject Matter Jurisdiction of the District Court

■ Subject matter jurisdiction is "defined *only* as a court's power to resolve a dispute in which it renders judgment." *Trans Shuttle, Inc. v. Pub. Utils. Comm'n,* 58 P.3d 47, 49–50 (Colo.2002) (emphasis added). It concerns "the court's authority to deal with the class of cases in which it renders judgment, not its authority to enter a particular judgment in that class." *Minto v. Lambert,* 870 P.2d 572, 575 (Colo.App.1993). A court has jurisdiction of the subject matter if the case is one of the types of cases that the court has been empowered to entertain by the sovereign from which the court derives its authority. *In re Marriage of Orr,* 36 P.3d 194, 196 (Colo.App.2001).

■ The Colorado Constitution vests district courts with general subject matter jurisdiction in civil cases, *see* Colo. Const. art. VI, § 9; *see also SR Condos., LLC v. K.C. Constr., Inc.,* 176 P.3d 866, 869 (Colo.App. 2007), which may be limited by the legislature only when that limitation is explicit. *In re A. W.,* 637 P.2d 366, 373–74 (Colo.1981).

A court may proceed only when its subject matter jurisdiction has been properly invoked. *Gilford v. People,* 2 P.3d 120, 126 (Colo.2000); *In re Marriage of Orr,* 36 P.3d at 196 ("it is not sufficient that the court has, in the abstract, the authority to decide the particular class of case that is before it," but rather the court's authority must properly be invoked for it to act). This occurs, generally, by the filing of a complaint. *Eagle Peak Farms, Ltd. v. Lost Creek Ground Water Mgmt. Dist.,* 7 P.3d 1006, 1009 (Colo.App. 1999).

Thus, it is the facts alleged and the relief requested in the complaint that determine the substance of a claim, which, in turn, determines the existence of subject matter jurisdiction. *Trans Shuttle,* 58 P.3d at 50 ("Whether a court possesses such jurisdiction is generally only dependent on the nature of the claim and the relief sought.").

Here, plaintiffs' original complaint alleged tort claims for personal injury. Such claims are indisputably within the subject matter jurisdiction conferred by the Colorado Constitution onto Colorado district courts, thereby invoking the trial court's jurisdiction. *See SR Condos., LLC,* 176 P.3d at 869–70 (applying similar analysis and holding that the court had subject matter jurisdiction over the civil claims alleged); *Leewaye v. Indus. Claim Appeals Office,* 178 P.3d 1254, 1257–58 (Colo.App.2007) (applying similar analysis in administrative proceeding).

B. Naming a Decedent as Defendant Did Not Divest the Trial Court of Subject Matter Jurisdiction to Allow Plaintiffs' Amended Complaint Substituting Defendants for Decedent

We also disagree with plaintiffs' contention that, even if the claims in the complaint indicated that the trial court had subject matter jurisdiction, that jurisdiction was divested when it was established that the single defendant named in the complaint was deceased. To the contrary, we conclude that the fact that the named defendant was deceased is an issue of a party's capacity, the personal qualifications of a party to litigate, and does not implicate the existence of the court's subject matter jurisdiction.

Recently, in cases involving business entities, two divisions of this court, with extensive analysis, concluded that naming a nonexistent party did not raise an issue of subject matter jurisdiction, but one of capacity. *Ashton Props.,* 107 P.3d at 1017 ("The two doctrines are independent of each other, and a party's capacity to sue or lack thereof does not affect the jurisdiction of the court."); *SMLL,* 111 P.3d at 567 ("The *Ashton* division's conclusion that a lack of capacity is not jurisdictional is consistent with the weight of authority in Colorado and elsewhere."); *see also Funk v. Funk,* 76 Colo. 45, 46–47, 230 P. 611, 612 (1924) (that the plaintiff has no legal capacity to sue does not go to the jurisdiction of the court, and does not affect the cause of action).

*Ashton* and *SMLL* noted the contrary view previously set forth in *Black Canyon Citizens Coalition, Inc. v. Board of County Commissioners,* 80 P.3d 932, 935 (Colo.App.2003) (because the named corporate plaintiff had no corporate existence and lacked capacity when the complaint was filed, the complaint was void ab initio, and jurisdiction over the dispute was never conferred on the court). *Ashton* and *SMLL* also distinguished *Jenkins* because the latter involved a decedent's estate, and, therefore, they left open the precise question presented here, that is, whether naming a non-existent entity such as decedent here as a defendant in an action involving a decedent's estate is a capacity issue and, if so, whether a lack of capacity affects the court's subject matter jurisdiction.

Nationally, there remains a split of authority as to whether naming a non-existent defendant is an issue of capacity or subject matter jurisdiction. But, the modern trend is consistent with *Ashton* and *SMLL.* According to one commentator:

Some early decisions suggested that a defect in capacity deprives the court of subject matter jurisdiction, since a real case or controversy does not exist when one of the parties is incapable of suing or being sued, although more recent authority has rejected that characterization. To treat capacity problems as subject matter jurisdiction de-

fects seems to exaggerate their significance....

6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1559 (2d ed.1990) (footnotes omitted).

Thus, there is a significant body of more recent authority holding in the context of suits involving decedents' estates that naming a non-existent defendant does not implicate a court's subject matter jurisdiction. *See Vorhees*, 153 P.3d at 1232–33 (noting confusion over the questions of capacity and subject matter jurisdiction, Kansas court concluded that although the named defendant was not a legal entity and did not have the capacity to be sued, the trial court's subject matter jurisdiction was not implicated); *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849, 853 (Tex.2005) (noting the difference between capacity and subject matter jurisdiction in context of suit involving estate not formally opened, and noting that when the original petition named only the estate itself, the defect was in capacity and an amended petition filed against the representative was not barred (citing *Price v. Estate of Anderson*, 522 S.W.2d 690, 692 (Tex. 1975)) ); *see also Hamilton v. Blackman*, 915 P.2d 1210, 1218 (Alaska 1996) (collecting cases and stating: "We thus agree with the federal courts and those state courts holding similarly that amendments adding the representatives of the estates of deceased persons as defendants may relate back to the date of the original pleadings, even if the original pleading erroneously named only the decedent as the defendant."); *Muhammed v. Welch*, 675 N.W.2d 402, 412 (N.D.2004) (noting, with citation, that the "nullity theory" has recently fallen into disfavor, and offering an alternative based on fulfilling requirements of Rule 15(c) ).

 Thus, we agree with *Ashton* and *SMLL* that a party's capacity to sue or be sued does not affect the court's subject matter jurisdiction, and we also agree with the reasoning of those courts in other jurisdictions that have concluded that naming a non-existent entity as a defendant is an issue not of subject matter jurisdiction, but of capacity.

██ Similarly, because we have concluded that naming a defendant without capacity is not an incurable defect of subject matter jurisdiction, we also disagree with plaintiffs' argument that the trial court erred by exercising its jurisdiction to allow an amendment to the original complaint to substitute a party with capacity. *See, e.g., Benton v. Adams*, 56 P.3d 81, 84 (Colo.2002) (amendment permitted when change in capacity); *see also Doe v. Heitler*, 26 P.3d 539, 544–45 (Colo.App.2001) (where court dismissed a complaint for lack of subject matter jurisdiction when it failed to name a party plaintiff, instead using "John Doe," it was error for court not to allow amendment of complaint).

### III. The Amended Complaint Does Not Relate Back Under C.R.C.P. 15(c)

Because we have determined that the trial court had subject matter jurisdiction to accept plaintiffs' amended complaint, and because it is undisputed that the amended complaint was filed beyond the applicable statute of limitations, the question, then, is whether, under the provisions of C.R.C.P. 15(c), the amended complaint relates back to the timely filed original complaint. Plaintiffs argue that the trial court erred in determining that it does not. Under these particular circumstances, we disagree with plaintiffs.

██ Generally, courts should be flexible when ruling on a motion to amend pleadings and disregard technical errors not affecting the substantial rights of parties. *Dillingham v. Greeley Publ'g Co.*, 701 P.2d 27, 32 (Colo. 1985); *Spiker v. Hoogeboom*, 628 P.2d 177, 179 (Colo.App.1981) ("The ends of justice are not served when forfeiture of just claims because of technical rules is allowed." (quoting *Travelers Indem. Co. v. United States*, 382 F.2d 103, 106 (10th Cir.1967)) ). However, this lenient policy is not without its limits. *Akin v. Four Corners Encampment*, 179 P.3d 139, 146 (Colo.App.2007).

██ "Notice is the essence of C.R.C.P. 15(c)" and is strictly required. *Spiker*, 628 P.2d at 178; *see also Shepherd v. Wilhelm*, 41 Colo.App. 403, 405, 591 P.2d 1039, 1041 (1978).

██ Thus, under C.R.C.P. 15(c), an amended complaint relates back to the date of the original complaint only if, within the period provided for commencing an action against the party, the party brought in "(1) [h]as received such notice of the institution of the action that [the party] will not be prejudiced in maintaining [a] defense ... and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [that party]." Hence, when a party brought in under C.R.C.P. 15(c) is not named as a party within the period provided by law and has no notice or knowledge of the pending action, the complaint against that party will be dismissed. *See Brown v. Teitelbaum,* 830 P.2d 1081, 1084 (Colo.App.1991) ("because it is undisputed that these defendants were not named as parties within the period provided by law for commencing the action against them, the trial court did not err in dismissing these claims"); *Travelers Ins. Co. v. Gasper,* 630 P.2d 97, 100 (Colo.App.1981) ("The major consideration in these cases is that defendant has adequate notice of the claim being asserted against him.").

██ Consequently, when a complaint is filed against a person already deceased, an amended complaint naming the estate or its representative relates back to the date of filing of the original complaint only if the estate had actual knowledge of the "institution of the action" within the limitations period. *Defelice,* 931 P.2d at 551–52; *cf. Shepherd,* 41 Colo.App. at 405, 591 P.2d at 1041 ("[A]lthough defendant may have known of the initiation of the action against the administrator of her husband's estate, there was no evidence that she received such notice that she would not be prejudiced in maintaining a defense against the new cause of action asserted against her."); *Colo. Nat'l Bank v. Irvine,* 105 Colo. 588, 590–91, 101 P.2d 30, 31 (1940) (personal representatives were not required to take notice or defend until they were made parties). Here, of course, no one disputes that the estate was not aware of the lawsuit within the applicable limitations period, as the estate was opened only after that period. *See Brown,* 830 P.2d at 1084.

Nonetheless, plaintiffs urge us not to follow *Defelice.* Specifically, plaintiffs assert that we should not apply C.R.C.P. 15(c) to the particular circumstances here, where the named defendant died before the filing of the action and no one existed who could have been named in the lawsuit as the proper defendant prior to the running of the statute of limitations. Plaintiffs ask how they could have met the notice requirement set forth in C.R.C.P. 15(c) when there was no one to receive notice.

██ We note, however, that under modern pleading rules, it is not forbidden or even uncommon to initially name as a party in a complaint a person or entity that does not exist. *See* C.R.C.P. 10(a) ("A party whose name is not known shall be designated by any name and the words 'whose true name is unknown.' "); *Heitler,* 26 P.3d at 541 (describing the use of "John Doe" in pleadings). The underlying assumption is that an appropriate party, one that is a part of the actual dispute, will eventually be properly named within the limitations period, even if it may require further legal action. Here, although the defendant named had died, the ability to bring suit still existed because others were capable of filing an action against his estate and personal representative, if they existed, or taking the appropriate legal steps for an estate to be opened and the personal representative appointed. Unfortunately for plaintiffs, as the trial court noted, by waiting until the eve of the expiration of the statute of limitations, they, by their own actions, thwarted their ability to timely name an appropriate party. *See Brown,* 830 P.2d at 1084 (no relation back when, after the limitations period had run, original complaint naming "John Does" was amended to name actual defendants who had no notice of action prior to time bar).

██ Furthermore, we agree with other jurisdictions that have similarly determined that an amendment naming a decedent's estate created only after the applicable statute of limitations had expired should not be allowed to relate back under their equivalent versions of C.R.C.P. 15(c) because no notice had occurred. *See Davis v. Cadwell,* 94 F.R.D. 306, 308–09 (D.Del.1982) (no relation

back where administrator did not receive notice or know of action within statutory period), *remanded,* 709 F.2d 1491 (3d Cir. 1983) (unpublished table decision); *Parker v. Breckin,* 620 A.2d 229, 231 (Del.1993) ("The key issue, therefore, is whether the person being added as the defendant in lieu of the deceased person had notice of the institution of the action *before* the expiration of the statute of limitations." (emphasis in original) ); *Radzewicz v. Neuberger,* 490 A.2d 588, 592 n. 9 (Del.Super.Ct.1985) (executor of the named defendant could not be substituted for the defendant in an amended complaint because he had not received notice of the institution of the suit before the statute of limitations had expired); *Vaughn v. Speaker,* 126 Ill.2d 150, 127 Ill.Dec. 803, 533 N.E.2d 885, 889 (1988) (no relation back where no indication or assertion that personal representative knew prior to the running of the statute of limitations that a complaint had been filed).

We note that some jurisdictions, under an identity of interest theory, have allowed relation back in cases involving a decedent's insurer even where there was no timely notice of the lawsuit to the estate. *See, e.g., Pargman v. Vickers,* 208 Ariz. 573, 96 P.3d 571, 577–79 (App.2004) (relation back permitted amended complaint in view of knowledge of action by insurer, which court imputed to estate). Here, however, there has been no assertion that State Farm had such notice within the limitation period.

Based on our disposition, we do not address any of the parties' remaining arguments.

The judgment is affirmed.

CRISWELL * and KAPELKE *, JJ., concur.